UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| JOHN DOES 1 THROUGH 10, | Case No. 2:19-CV-00117-WOB-CJS |
| Plaintiffs, | Judge William O. Bertelsman |
| v. | Magistrate Judge Candace J. Smith |
| DEBORAH HAALAND, et al. | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO REMAND AND ASSESSMENT OF ATTORNEYS' FEES AND COSTS** |
| Defendants. | |

The Plaintiffs, through counsel, respectfully submit the following Memorandum in Support of Their Motion to Remand and Assessment of Attorneys' Fees and Costs.

Plaintiffs JOHN DOES 1 THROUGH 10 ("Plaintiffs") hereby move this Court to order the above-titled action, remanded back to the Commonwealth of Kentucky, Kenton County Circuit Court, Case No. 19-CI-01351 (the "*Kenton County Action*"), on the grounds that Defendant Elizabeth Warren's ("Warren's") removal of this action pursuant to 28 U.S.C. § 1442(a)[1], was not authorized by that statute.  Furthermore, in the absence of removal authority under 28 U.S.C. § 1442(a), no other basis for subject matter jurisdiction by this Court exists, and remand of this case to the *Kenton County Action* should occur forthwith.

## I.  INTRODUCTION

Elizabeth Warren removed this action to this Court on August 28, 2019.  There are three primary problems with the removal.  First, Warren removed actions involving other Defendants which do not concern any issue of federal law, and for which this Court lacks subject matter jurisdiction.  Second, Warren removed her case and the case of another Defendant who happen to

---

[1] See NOTICE OF REMOVAL from Kenton Circuit Court, case number 19-CI-01351…filed by Elizabeth Warren, filed August 28, 2019.  A true and correct copy of which is attached as Exhibit 1 (hereinafter the "Notice of Removal").

be elected members of Congress even though neither of them is sued in their official capacity. Third, Warren's removal would make precarious new precedent – any individual could evade state jurisdiction for any suit at any time merely because they happen to be elected to Congress.  An election to Congress is not a grant of immunity from state courts.  No duty of Congress compelled any Congressman to lie and libel a bunch of private, minor kids they never met, from a state they do not even represent, concerning something they never witnessed, that does not relate to anything before Congress.  Pretending otherwise makes a mockery of the Debate Clause.  Remand is warranted.

## II.   FACTUAL BACKGROUND

Plaintiffs filed their lawsuit on August 1, 2019.  On August 14, 2019, Plaintiffs filed an Amended Complaint (the "Amended Complaint"), alleging causes of action for defamation and several state law claims against all Defendants.  (Amended Complaint, attached as "Exhibit 2" and incorporated herein by reference.)  Plaintiffs are all minors attending the Covington Catholic School in Kentucky.  (Amended Complaint, ¶¶ 1-2.)

The allegations against Warren involve published statements about the Plaintiffs' involvement in a claimed confrontation with a "Native American elder" and "Vietnam War veteran" named Nathan Phillips, taking place on the steps of the Lincoln Memorial in Washington D.C.  (Amended Complaint, ¶¶ 54-57.)  Plaintiffs' defamation claims against Warren arise from Warren's statements on her twitter account that Plaintiffs made hateful taunts, interrupted an indigenous march, stopped and blocked Nathan Phillips' participation in the event, surrounded him in a threatening manner and showered him with chants of "build the wall"  (*Id*., at ¶¶ 29 and 55; see Amended Complaint, Exhibit 2 attached thereto.)  Warren did not witness the interaction between Plaintiffs and Nathan Phillips, and Plaintiffs allege that Warren's statements were false

and omitted the true facts of that interaction.  (*Ibid*.)  As a result, Warren's tweets damaged Plaintiffs' reputation in the form of death threats, hate mail, threatening phone calls and emails and other personal attacks on them each individually.  (*Ibid*.)  Plaintiffs seek damages under the threshold minimum for diversity, a sum that represents their estimation of the cost of four years tuition at the University of Kentucky.  (Amended Complaint, pg. 3 and ¶ 91.)

On August 28, 2019, Warren filed a Notice of Removal to the United States District Court for the Eastern District of Kentucky, Covington Division, claiming that the conduct alleged against her in the Amended Complaint qualified for removal under 28 U.S.C. § 1442(a).

## III.   ARGUMENT

This case should be remanded to the *Kenton County Action* from which it came.  Warren based her removal to this court on 28 U.S.C. § 1442(a), which allows government officials, when sued for *operating in their official legislative capacity*, to remove their case to the Federal District Court.  Warren was sued as an individual and cannot claim that her actions were under the color of her office as they were not legislative in nature.  Thus, she cannot be afforded the protections of the Speech and Debate Clause or the immunity of her office.  Further, regardless of whether this Court finds the removal of Plaintiffs' claims against Warren proper, Plaintiffs' action against the remaining Defendants should be remanded back to the Kenton County Circuit Court in Kentucky, as this Court lacks subject-matter jurisdiction over those claims.  Finally, under the subject removal statute, a district court may award attorneys' fees where the moving party, such as Warren, lacked an objectively reasonable basis for seeking removal.  This Court should thereby award Plaintiffs' attorneys' fees and costs accordingly.

### A.   Remand Is Proper Because Although Warren Happens to Be a Congress Member, She Is Not Sued in Her Official Capacity, Nor Does a Colorable Federal Defense to Plaintiffs' Claims Against Her Exist.

In addition to cases in which original federal jurisdiction can be established (via either

federal question or diversity jurisdiction), certain statutes authorize removal if the requisite statutory elements are met.  One such statute is 28 U.S.C. § 1442(a), which provides that a state civil proceeding may be removed to federal court by:  "The United States or any agency thereof or any officer … [sued] in an official or individual capacity, for or relating to any act under color of such office …"  The simple issue is Warren has never been sued in her official or individual capacity for any act "under color of such office" in Congress.  She, like the other Defendants, is being sued for her personal comments outside the halls of Congress that do not concern any matter pending before Congress, or anything that can be even remotely considered under the color of state law.

Warren's theory would expand the statute to cover *any* action by any person merely if that person is elected to Congress, even when the suit does not concern her actions in Congress.  This would radically alter the meaning of the statute and dramatically expand the special immunity of politicians to include full immunity from state court jurisdiction for any tort they ever commit, and full immunity from any libel or slander they spread even when it does not occur in the course of their duties as a member of Congress.  Is election to Congress total immunity from state courts?  Is election to Congress a license to libel?  The easy answer is no, and there is nothing in what Warren said to her thousands of followers that warrants protection.  As discussed below, neither case law nor public policy support Warren's dramatic expansion of 28 U.S.C. § 1442(a) to this action.

### 1.    Warren's Acts Were Not "Under Color of Office"

A United States officer seeking to remove a case based on 28 U.S.C. § 1442(a) must show that the conduct alleged in the underlying state action was "under color of office".  Specifically, removal under the statute is not permitted unless the party seeking removal demonstrates a "nexus"

or "'causal connection' between the charged conduct and the asserted official authority". (*Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999) ("*Jefferson County*"), citing *Willingham v. Morgan*, 395 U.S. 402, 409 (1969).)  As such, it must appear that the action or proceeding arises from acts done under color of federal authority and in enforcement of federal law to be removable. (*Maryland v. Soper* (*No. 1*), 270 U.S. 9, 22 (1926).)

Here there can be no dispute that Warren's tweet that is the basis of Plaintiffs' claims was not published during a legislative session or during deliberations between Congress members during the legislative process.  Rather, Plaintiffs' Amended Complaint alleges that Warren's tweet was directed at a group of minors she had never met, in a district she does not represent, about a situation she did not witness.  (Amended Complaint, ¶¶ 29 and 55; see also Amended Complaint, Exhibit 2 attached thereto.)  In fact, the only thing Warren's tweet does demonstrate is her personal animus toward the Plaintiffs for the actions she falsely attributed to them.  And Warren was entirely successful in doing so, as the lynch mob style backlash against Plaintiffs was severe.  (Amended Complaint, ¶¶ 19 [Defendants in this action calling for public punishment of the Plaintiffs, including doxing them, shaming them publicly, "punch[ing] them in the face," and expelling them from school].)

Warren's sole and exclusive defense is she used her elected office title in the label of her social media accounts, even though she made no such reference in her defamatory tweet.  (Notice of Removal, ¶ 6.)  A politician cannot unilaterally declare their actions "an act of their official duty" and thereby unilaterally immunize themselves from both state courts and tortious conduct. This is not nearly enough to establish the requisite nexus and causal connection between "the charged conduct and the asserted official authority," that is required to remove an action pursuant to 28 U.S.C. § 1442(a). (*Jefferson County, supra*, 527 U.S. at 431; *Willingham v. Morgan*, 395

U.S. 402, 409 (1969); *Maryland v. Soper (No. 1)*, 270 U.S. 9, 22 (1926).)

> **2.** **Warren Has Not, and Cannot, Assert a "Colorable Federal Defense" to Plaintiffs' Claims.**

Since Warren, or any other Defendant, was not sued for conduct in any official duties as a member of the government, remand is required. Any other defense, like a claim of immunity, can be adjudicated by the state court.

Another element required for a federal officer to remove a state action to federal court under 28 U.S.C. § 1442(a), is that a "colorable" federal defense to the claims against the officer be shown. This is because the federal officer removal statute is predicated upon the existence of a federal immunity defense. *See Mesa v. California,* 489 U.S. 121, 133 (1989) [postal mail truck drivers charged with traffic violations while operating their mail trucks cannot claim federal immunity as a defense justifying removal, because no "colorable" claim to immunity exists for traffic violations].) Like *Mesa*, Warren cannot claim immunity for torts she committed outside her official duties. No official duty compelled her to libel a bunch of kids from another state about an event she did not witness that had nothing to do with her official duties in Congress.

A particularly apt precedent applies. In *Chastain v. Sundquist*, 833 F.2d 311 (D.C. Cir. 1987) ("*Chastain*") the court explicitly held that a member of Congress has no federal immunity and must answer for libelous statements made outside the scope of their legislative duties. In *Chastain*, Congressman Donald Sundquist made allegedly libelous statements about the plaintiff to the public and via press release. Sundquist had a far more colorable claim to immunity than Warren, yet the court rejected it completely. The *Chastain* court, relying on the case of *Hutchinson v. Proxmire*, 443 U.S. 111 (1979) ("*Proxmire*"), held that the Congress member's statements were

not immunized by the Speech or Debate Clause[2], which protects all lawmaking activities undertaken in the House and Senate, because the statements at issue:  "…were not part of the legislative function or deliberations that make up the legislative process."  (*Chastain, supra*, 833 F.2d at 314-315.)  Warren's personal comments on social media about minors simply waiting for a bus were not "part of the legislative function or deliberations that make up the legislative process" in the Senate.  They were personal attacks on minors outside her state for events for which she had no personal knowledge whatsoever.  Getting elected to the Senate is not a license to lead a public lynch mob against a bunch of minors.

In *Chastain*, the court thoroughly examined the Official Immunity Doctrine, in the context of a Congress member's statements to the press about the plaintiff.  In doing so, the *Chastain* court pointed out "… the pivotal point that the question of congressional common law immunity for libel cannot be considered independently of the Speech or Debate Clause" (*Chastain*, *supra*, 833 F.2d at 317.)  The *Chastain* court went on to hold:  "the Supreme Court in two modern cases expressly supports the principle of congressional liability for defamation arising outside the ambit of the Speech or Debate Clause.  [citing *Proxmire*, 443 U.S. at 123-33 and *Doe v. McMillan*, 412 U.S. 306, 311-25 (1973)]"  (*Chastain*, *supra*, 833 F.2d at 316.)  In this regard, the *Chastain* court quoted the Supreme Court decision in *Doe v. McMillan*, 412 U.S. 306, 324 (1973) ("*McMillan*") as follows:

> "The business of Congress is to legislate; Congressmen and aides are absolutely immune when they are legislating.  **But when they act outside the 'sphere of legitimate legislative activity,' [citation omitted] they enjoy no special immunity from local laws protecting the good name or the reputation of the**

---

[2] Members of both Houses of Congress:  "…for any Speech or Debate in either House, they shall not be questioned in any other Place."  (United States Constitution, Article I, Section 6, Clause 1.)

**ordinary citizen."** (emphasis added)[3]

The *Chastain* opinion then examines in thorough and detailed fashion, all precedent on the issue of official immunity (including the roots of that doctrine set forth in English common law), as well as the public policy as elucidated in that precedent.  The *Chastain* opinion concludes that the statements by Congress member Sundquist were not covered by the Speech and Debate Clause or the Official Immunity Doctrine:

> "**When [members of Congress] move beyond the requirements of their legislative responsibilities, they do so as volunteers, and at their own risk,** however important their myriad other activities may be in the texture of contemporary political life. … Elected representatives, in the deepest sense, represent the people. Beyond the necessary privileges granted by the Constitution to legislators, the people ought not to be immunized against themselves." (*Chastain*, *supra*, 833 F.2d at 328.)

Here, Warren's Notice of Removal does nothing other than promise that:  "Senator Warren intends to raise federal immunity and jurisdictional defenses in this action."  (Notice of Removal, pg. 3, ¶ 5.)  Needless to say, a "colorable federal defense" sufficient to warrant removal under 28 U.S.C. § 1442(a), requires more than a vague promise.  Moreover, like the member of Congress in *Chastain*, Warren has no colorable federal defense to Plaintiffs' claims arising from the Speech or Debate Clause.  This is because Warren's conduct as alleged in Plaintiffs' Amended Complaint was in the context of personal social media statements, which cannot by any reasonable interpretation be regarded as made during legislative deliberations or the legislative process. (*Chastain*, *supra*, 833 F.2d at 314-315.)

Nor can Warren raise a colorable federal defense on the basis that her conduct was protected by the Official Immunity Doctrine.  Again, as held in *Chastain*:  "…the question of

---

[3] The *Chastain* court further noted that the quoted statement from the *McMillan* opinion:  "….is especially striking because the Court in *McMillan* refused to apply the immunity even though the respondents acted within the scope of their official duty and petitioners sought damages for a common law tort."  (*Chastain*, *supra*, 833 F.2d at 316.)

congressional common law immunity for libel cannot be considered independently of the Speech or Debate Clause." (*supra*, 833 F.2d at 317.) Since Warren has no colorable defense arising from the Speech or Debate Clause, she has no official immunity either. This is because all applicable precedent on the issue establishes that defamatory statements made outside of legislative activities or functions simply do not immunize Congress members. (*Chastain*, *supra*, 833 F.2d 311; see also *Proxmire, supra*, 443 U.S. at 123-33; *McMillan*, *supra*, 412 U.S. at 324; *United States v. Brewster*, 408 U.S. 501, 512 (1972).)

Put simply, getting elected to Congress is not a license to lie and libel, nor to intrude on one's right to privacy. The privileges of being a senator do not make Warren immune from a lawsuit in any court for her personal torts.

### B. The Remaining Ten Defendants Have No Claim of Federal Immunity, Rendering This Action Subject to Remand as to Plaintiffs' Claims Against Those Defendants as Well.[4]

Even if this Court were to find good cause to deny remand as to Warren, the Plaintiffs' other claims against the remaining Defendants in this action should be remanded back to the *Kenton County Action*. Rule 12 of the Federal Rules of Civil Procedure provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Outside of a special basis for federal subject-matter jurisdiction under statutes such as 28 U.S.C. § 1442(a), federal courts can only have subject-matter jurisdiction over a case that involves a federal question or diversity of citizenship. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and no plaintiff share a state of citizenship with any defendant. (28 U.S.C. § 1332(a).)

In this action, all ten Plaintiffs are minors, and live in Kenton County, Kentucky. The

---

[4] It is assumed for purposes of this Motion to Remand, the Defendant Deborah Haaland, a Congress member, will assert the same or similar claims of federal immunity as Warren.

Defendants, for purposes of this suit, are citizens of New Mexico, Florida, Massachusetts, New York, California, Texas, New Jersey, Maryland and Kentucky.  (Amended Complaint, ¶¶ 1-2.)  Of equal importance, no Plaintiff has a claim against any Defendant for more than $75,000.  (Amended Complaint, pg. 3 and ¶ 91.)  Thus, not only does this Court lack diversity jurisdiction because at least one Plaintiff and one Defendant reside in Kentucky, but the amount in controversy between any Plaintiff and Defendant fails to exceed $75,000.  (28 U.S.C. § 1332(a).)

If this Court allows Warren's removal of this entire action, the consequence will be that no less than twenty parties (ten Plaintiffs and ten Defendants other than Warren and Haaland) will be forced to litigate their state-based claims in a federal forum.[5]  The court in the *Kenton County Action*, a court of general jurisdiction, is not only perfectly situated to resolve the state tort claims raised in this action between the parties to this action—it is the only court with the requisite jurisdiction and proper venue.  At a minimum, the ten Defendants in this action, other than Warren and Haaland, should be remanded to the *Kenton County Action*.  The state court judge assigned to this case is more than competent and capable to address any and all of the issues in this matter, and the Plaintiffs' choice to have their home forum decide this matter is their protected privilege under the law when no basis for removal exists concerning any of their claims.  At a minimum, remand of the remaining claims is warranted.

### C.    Warren Should Be Taxed for Removing This Action.

Under 28 U.S.C. § 1447(c): "an order remanding a case may require payment of just costs and actual expenses, including attorneys' fees, incurred as a result of the removal."  A federal court may award attorneys' fees under subdivision (c):  "where the removing party lacked an objectively reasonable basis for seeking removal."  (*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141

---

[5] It would also require far more time and effort for the Plaintiffs to litigate in federal court.

(2005).)  A simple look at what she tweeted evidences that there was no reasonable basis for removing this case.  Warren's tweet is not protected by the Speech and Debate Clause.  Warren's tweet is not protected by the Official Immunity Doctrine.  And tweeting, like a press conference or a press release, is not legislative activity as the long line of precedent discussed above makes clear.

Warren is a Senator from Massachusetts and has been for 6 years.  Before that she was Special Advisor for the Consumer Financial Protection Bureau.  Before that she was Chair of the Congressional Oversight Panel.  Warren received a JD from Rutgers Law School.  Warren claims to be the voice of those without voices.  In all of her years of experience as a lawyer and a legislature, she should have known that her personal non-official speech is not protected by her public office, and she definitely should have known that removal under 28 U.S.C. § 1442(a) was entirely meritless.  Warren took no action to resolve this matter prior to the removal, and made no effort to discuss the removal with Plaintiffs' counsel.  Taxing costs and fees in this matter is necessary, and justified.

## IV.   CONCLUSION

Under Warren's conclusory and concocted justifications for removal in her Notice of Removal, Warren would have this Court declare that getting elected to Congress is a license to lie and libel, with immunity and impunity.  However, members of Congress are not above the law, and must answer for their personal torts.  Otherwise, politicians would enjoy more speech rights than the press or the public.  Indeed, if Warren is to be believed, getting elected would mean you could immediately relabel your social media account "Senator" and start slandering your neighbor, ex-spouse, or a family business competitor.  Given the terrible discourse published by Warren and Haaland, it is important for federal courts to let the public know that Senators and members of the

11

United States Congress, like Warren and Haaland, cannot harm minors with impunity with their words and their unmitigated arrogance.

For the forgoing reasons, Warren's attempt to improperly remove this entire action under 28 U.S.C. § 1442(a), should be reversed, and the case remanded to the *Kenton County Action*.   At a minimum, Plaintiffs' action against the ten Defendants other than Warren and Haaland should be so remanded.  Finally, attorneys' fees and costs should be awarded to Plaintiffs under 28 U.S.C. § 1447(c).

Respectfully submitted,

*/s/ Kevin L. Murphy*
Kevin L. Murphy (KBA 50646)
Murphy Landen Jones PLLC
2400 Chamber Center Drive, Suite 200
Fort Mitchell, KY  41017-0534
Telephone: (859) 578-3060
Fax: (859) 258-3061
kmurphy@mljfirm.com
*Counsel for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 26th day of September, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

*/s/ Kevin L. Murphy*
Kevin L. Murphy