# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JOHN DOES 1 THROUGH 10,<br><br>*Plaintiffs,*<br><br>v.<br><br>CONGRESSWOMAN DEBRA HAALAND, et al.,<br><br>*Defendants.* | No. 2:19-cv-00117-WOB-CJS |

## CONGRESSWOMAN DEBRA HAALAND'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER MOTION TO DISMISS

*/s/ Douglas N. Letter*
DOUGLAS N. LETTER (DC Bar No. 253492)
*General Counsel*
TODD B. TATELMAN (VA Bar No. 66008)
*Deputy General Counsel*
BROOKS M. HANNER (DC Bar No. 1005346)
*Assistant General Counsel*
SARAH CLOUSE (MA Bar No. 688187)
*Assistant General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C.  20515
(202) 225-9700 (telephone)
(202) 226-1360 (facsimile)
douglas.letter@mail.house.gov

*Counsel for Defendant Congresswoman Debra Haaland*

September 27, 2019

**TABLE OF CONTENTS**

INTRODUCTION……………………………………………………………………………....1

BACKGROUND……………………………………………………………………………….1

ARGUMENT…………………………………………………………………………………...4

I.       This Court Lacks Personal Jurisdiction Over Congresswoman Haaland…………………4

II.      Plaintiffs Fail to State Any Claim Against Congresswoman Haaland……………………6

III.     This Court Lacks Subject Matter Jurisdiction Over the Claims Against Congresswoman Haaland…………………………………………………………………………………8

CONCLUSION………………………………………………………………………………..10

# INTRODUCTION

Plaintiffs John Does 1 through 10 (Plaintiffs) seek judicial relief from twelve parties, including the Honorable Debra Haaland, U.S. Representative for the 1st congressional district of New Mexico (Congresswoman Haaland), and one of the first Native American Members of Congress. *See* Sen. Warren's Notice of Removal (Aug. 28, 2019) (ECF No. 1), Ex. A, Pl.'s Am. Compl. at 1-2 [hereinafter, Am. Compl.]. The relief being sought relates to a widely publicized confrontation between students from Covington Catholic High School in Kentucky with various individuals, including Native American activist Nathan Phillips, on the steps of the Lincoln Memorial in Washington, D.C. *See generally* Am. Compl.

Plaintiffs' claims against Congresswoman Haaland must be dismissed with prejudice for all of the reasons set forth in Senator Warren's Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim, and Lack of Subject Matter Jurisdiction. *See* Sen. Warren's Mot. to Dismiss (Sep. 4, 2019) (ECF No. 10). As with Senator Warren, this Court lacks personal jurisdiction over Congresswoman Haaland. *See* Fed. R. Civ. P. 12(b)(2). Further, like the claims against Senator Warren, Plaintiffs have failed to state a claim against Congresswoman Haaland. *See* Fed. R. Civ. P. 12(b)(6). And finally, for the same reasons the Court lacks subject matter jurisdiction over the claims against Senator Warren, there is similarly no subject matter jurisdiction over the claims against Congresswoman Haaland. *See* Fed. R. Civ. P. 12(b)(1). Congresswoman Haaland hereby adopts and incorporates by reference all legal arguments in support of dismissal raised by Senator Warren in her Motion to Dismiss.

# BACKGROUND

Plaintiffs' claims arise out of messages posted to the social media website, Twitter (tweets), and other public statements made by public figures in response to a January 18, 2019,

1

encounter on the steps of the Lincoln Memorial in Washington, D.C.  *See* Am. Compl. at 3.  As Plaintiffs' Amended Complaint describes, a group of students from Covington Catholic High School had taken a field trip to Washington, D.C. to attend the March for Life.[1]  Am. Compl. at 1-3.  This group included Plaintiffs, who are 10 unnamed students at Covington Catholic High School.  Am. Compl. at 2.  While the students were at the Lincoln Memorial, they allegedly came upon a group of Black Hebrew Israelites, who allegedly made offensive statements to the students.  Am. Compl. at 3.  After this interaction, Plaintiffs allege, the students encountered Native American activist Nathan Phillips.  Am. Compl. at 3.  They allege that Mr. Phillips "beat on a drum and joined the students as they engaged in school cheers," including a sports cheer made famous by the New Zealand rugby team, and that some students "joined with Phillips…by mirroring the sports chant of the Florida State Seminole and the Atlanta Braves, with their famous tomahawk chop."  Am. Compl. at 3-4.

Video clips of the confrontation were widely shared by national media outlets and on social media.  *See, e.g.*, Am. Compl. at 4.  Plaintiffs allege that, as a result, a "social media lynch mob" targeted them and was "advanced by prominent politicians," journalists, and social celebrities.  Am. Compl. at 4.  As support, Plaintiffs cite a number of public statements, either on Twitter (for 11 of the 12 Defendants) or in an online news article (for the twelfth Defendant), made in the wake of the confrontation at the Lincoln Memorial.  *See* Am. Compl. at 4-13.  Plaintiffs seek to hold Defendants liable for the effects of these statements.

Among the 12 Defendants sued by Plaintiffs are two Members of Congress based in Washington, D.C.: Senator Elizabeth Warren and Congresswoman Debra Haaland.  With respect

---

[1] According to the March for Life's website, it is a peaceful demonstration that seeks to "[e]nd abortion by uniting, educating, and mobilizing pro-life people in the public square." March for Life Education and Defense Fund, www.marchforlife.org/about-us.

2

to Congresswoman Haaland, the Amended Complaint cites only two allegedly tortious statements, both of which the Congresswoman made on Twitter. *See* Am. Compl. at 4-5, 8, 14-15. First, the Amended Complaint alleges that "Congresswoman DEB HAALAND made the following tweet of and concerning the Covington Boys: 'This Veteran put his life on the line for our country. The Covington boys' blatant display of hate, disrespect, and intolerance is a signal of how common decency has decayed under this administration. Heartbreaking.'" Am. Compl. at 4 (citing Ex. A). Second, Plaintiffs allege that "Congresswoman DEB HAALAND made the following tweet of and concerning the Covington Boys: 'A Native American veteran was seen being harassed and mocked by a group of MAGA hat-wearing teens.'" Am. Compl. at 8 (citing Ex. G), 14-15. In that tweet, Congresswoman Haaland included a link to a Huffington Post article titled, "Native American Veteran Speaks Out After MAGA Hat-Wearing Teens Harass Him." *See id.*; *see also* Sebastian Murdock, *Native American Veteran Speaks Out After MAGA Hat-Wearing Teens Harass Him*, Huffington Post, https://www.huffpost.com/entry/maga-hat-wearing-teens-seeing-harassing-native-american-vietnam-veteran_n_5c435a09e4b0a8dbe171e2c6.[2]

Plaintiffs allege that in these tweets, Congresswoman Haaland "omitted the true facts" and "implied" that the "gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening

---

[2] The Amended Complaint cites a tweet from Senator Warren that is similar in substance to the tweets from Congresswoman Haaland. *See* Am. Compl. at 9 ("U.S. Senator ELIZABETH WARREN made the following Tweet of and concerning the Covington Boys: 'Omaha elder and Vietnam War veteran Nathan Phillips endured hateful taunts with dignity and strength, then urged us all to do better.'"). This tweet included a link to a tweet from Splinter News about the encounter. *See* Am. Compl. at 24, Ex. I.

manner, and taunted him, as a native American elder, with chants of 'build the wall' to mock an elderly native American in the middle of an indigenous march." Am. Compl. at 14. As a result, Plaintiffs allege damages including "lifetime labels" such as "display of hate, disrespect and intolerance," "heartbreaking," and "decency decayed," in addition to monetary damages between $15,000 and $50,000, and declaratory and equitable relief. Am. Compl. at 37.

Senator Warren, relying on 28 U.S.C. § 1442(a)(1), removed this action from Kenton County Circuit Court to this Court and shortly thereafter filed a motion to dismiss. *See* Sen. Warren's Notice of Removal (Aug. 28, 2019) (ECF No. 1); Sen. Warren's Mot. to Dismiss (Sep. 4, 2019) (ECF No. 10). Senator Warren contends that Plaintiffs' claims should be dismissed on the grounds that: (1) this Court lacks personal jurisdiction over the Senator, *see* Sen. Warren's Mot. to Dismiss at 6-9; (2) Plaintiffs have failed to state a claim against Senator Warren for defamation, intrusion upon seclusion, or negligent infliction of emotional distress, *see id.* at 11-21; and (3) there is no subject matter jurisdiction over Plaintiffs' claims because they are barred by sovereign immunity, *see id.* at 21-23.

## ARGUMENT

The claims against Congresswoman Haaland should be dismissed for all of the legal reasons set forth in Senator Warren's motion to dismiss, which apply equally to the Congresswoman. Congresswoman Haaland writes below to further address the claims in the Amended Complaint as they relate specifically to her.

**I.      This Court Lacks Personal Jurisdiction Over Congresswoman Haaland**

Plaintiffs' claims against Congresswoman Haaland should be dismissed with prejudice because the Amended Complaint includes no facts that provide this Court with personal jurisdiction over Congresswoman Haaland—and indeed no such facts exist. Congresswoman

4

Haaland lacks sufficient minimum contacts with the Commonwealth of Kentucky to support an exercise of personal jurisdiction under either Kentucky's long-arm statute, *see* Sen. Warren's Mot. to Dismiss at 7-9 (citing, *inter alia*, Ky. Rev. Stat. Ann. § 454.210 (2019)), or the U.S. Constitution, *see id.* at 9-11 (citing cases).

First, there are no facts in the Amended Complaint to support this Court's exercise of either general or specific personal jurisdiction over Congresswoman Haaland. The Amended Complaint does not allege that Congresswoman Haaland lives in Kentucky, owns or operates a business in Kentucky, owns any property in Kentucky, engages in any other persistent course of conduct directed specifically to Kentucky, or has in any way purposefully availed herself such that she should reasonably anticipate being hauled into a Kentucky court. Instead, Plaintiffs plead only that Congresswoman Haaland published two tweets to the public at large about the confrontation at the Lincoln Memorial. *See* Am. Compl. at 4-5, 8, 14-15. The Amended Complaint contains no allegation that these tweets were sent from Kentucky or that they were somehow restricted to Twitter users within Kentucky. As explained in Senator Warren's Motion to Dismiss, these facts do not support an exercise of personal jurisdiction under either Kentucky's long-arm statute or the U.S. Constitution.

There is no way for Plaintiffs to cure the deficiencies in their Amended Complaint, as there are no facts that Plaintiffs could plead to support this Court's exercise of personal jurisdiction over Congresswoman Haaland. Congresswoman Haaland is a resident of the state of New Mexico. *See* U.S. Const. Art I, § 2, cl. 2 ("No Person shall be a Representative who shall not…when elected, be an Inhabitant of that State in which he shall be chosen."). Moreover, as a Member of Congress she generally conducts official business in Washington, D.C. or in her home district in New Mexico. Undersigned counsel understands that the Congresswoman does

5

not own any property or business interests in Kentucky, does not solicit business in Kentucky, does not regularly travel there for any reason, does not direct any type of communication or activity specifically to Kentucky, and has not availed herself of Kentucky's laws. Plaintiffs' claims against Congresswoman Haaland stem only from two tweets—neither of which was an act or omission that occurred in the Commonwealth of Kentucky. *See* Sen. Warren's Mot. to Dismiss at 7-8 (citing cases to support the proposition that Kentucky courts have "repeatedly held that an out-of-state defendant does not commit an 'act or omission in this Commonwealth' simply by 'sending a tortious communication into the state'") (quoting *Stanley Warranty, LLC v. Universal Adm'rs Serv., Inc.*, No. 3:13-cv-513-JGH, 2014 WL 4805669, at *5 (W.D. Ky. 2014)).

The Amended Complaint contains no allegation, and there exists no basis for one, that Congresswoman Haaland has any legally relevant contacts with this forum. Members of Congress cannot be hauled into the courts of any of the 50 states based on the mere publication of two brief comments on a matter of significant national interest on a website that is equally accessible anywhere in the Nation. *See* Sen. Warren's Mot. to Dismiss at 10. This Court should affirm the basic principles underlying the concept of personal jurisdiction by dismissing all claims against Congresswoman Haaland with prejudice.

**II.     Plaintiffs Fail to State Any Claim Against Congresswoman Haaland**

Plaintiffs' attempt to obtain relief from "Congresswoman Deb Haaland," Am. Compl. at 2, based on two statements of opinion on a matter of significant public interest must fail. Specifically, the Amended Complaint alleges that "Congresswoman DEB HAALAND" issued the following statements: (1) "This Veteran put his life on the line for our country. The Covington boys' blatant display of hate, disrespect, and intolerance is a signal of how common decency has decayed under this administration. Heartbreaking," Am. Compl. at 4 (citing Ex.

6

A).; and (2) "A Native American veteran was seen being harassed and mocked by a group of MAGA hat-wearing teens," Am. Compl. at 8 (citing Ex. G), 14-15.[3] Even though these tweets make no reference to any Plaintiff, Plaintiffs allege that each tweet was known to be about them individually and that, as a result of this story receiving attention "throughout the world," they received death threats, hate mail, and threatening communications from third parties. Am. Compl. at 5, 8. Stemming from these comments, they have sued Congresswoman Haaland for defamation, intrusion upon seclusion, and negligent infliction of emotional distress. Am. Compl. at 14-15.

For the same legal reasons set forth by Senator Warren, Congresswoman Haaland's statements are not tortious in any respect. At bottom, Congresswoman Haaland's statements expressed opinions on a matter of public concern—the types of statements that courts in the Sixth Circuit and Kentucky courts have recognized as protected by the First Amendment. *See* Sen. Warren's Mot. to Dismiss at 15-17. Further, they fail to satisfy the standard for defamation under Kentucky law because they were not "about" or "concerning" any individual Plaintiff. *See id.* at 12-13. Congresswoman Haaland tweeted only about "[t]he Covington boys" and a "group of MAGA hat-wearing teens" (though the second quoted phrase came directly from the title of the article the Congresswoman was retweeting). These statements referred to a group, not to any individual. This is insufficient to maintain an action for defamation. *See id.*; *see also Sandmann v. WP Co. LLC*, No. 2:19-cv-19-WOB-CJS, 2019 WL 3409881, at *6 (E.D. Ky. July 26, 2019) (ruling, in a case about the same encounter at the Lincoln Memorial, that references to "'hat wearing teens'; 'the teens'; 'teens and other apparent participants'; 'A few people'; 'those who

---

[3] Plaintiffs appear to take issue with similar terms from Senator Warren's tweet, which states that Nathan Phillips "endured hateful taunts." *See* Am. Compl. at 20, 37.

should listen most closely'; and 'They'…are not actionable because they are not about [the specific plaintiff]").

Nor is either tweet defamatory per se.  As Senator Warren contends, Plaintiffs argue that the Court should infer a defamatory meaning based on extrinsic facts.  *See id.* at 13-15.  Yet the tweets in question do not even identify Plaintiffs, let alone defame them.  Accordingly, for the reasons outlined by Senator Warren, Plaintiffs' failure to plead special damages is fatal to their claim if it were to be construed as libel per quod.  *See id.* at 13-15.

Plaintiffs' claims for intrusion upon seclusion and negligent infliction of emotional distress also fail.  As Senator Warren argues, the First Amendment forecloses these claims because Congresswoman Haaland's tweets addressed a matter of public concern, in a public place.  *See id.* at 17-18.  Plaintiffs have also failed to state a claim under Kentucky law for these torts for the remaining reasons put forth by Senator Warren.  *See id.* at 18-21.

### III. This Court Lacks Subject Matter Jurisdiction Over the Claims Against Congresswoman Haaland

Finally, as with the claims against Senator Warren, Plaintiffs' claims against Congresswoman Haaland are barred by sovereign immunity.  *See id.* at 21-23.[4]  Plaintiffs have sued Congresswoman Haaland based on public statements on a matter of significant public interest.  *See* Am. Compl. at 2 ("U.S. Congresswoman Deb Haaland"); 4 ("Congresswoman DEB HAALAND"); 8 ("Congresswoman DEB HAALAND").  They allege that their injuries were caused by statements "from the defendants with large social media platforms and an audience who took the defendants[] at their word due to the defendants['] status as elected officials and

---

[4] In light of the arguments raised by Plaintiffs in their Memorandum in Support of Their Motion to Remand (Sept. 26, 2019) (ECF No. 34-1), Congresswoman Haaland seeks to clarify that this motion does not assert, nor does the Congresswoman intend to assert, defenses under the Speech or Debate Clause, U.S. Const. Art. 1, § 6, cl. 1.

8

prominent members of the press." Am. Compl. at 14. Congresswoman Haaland, then, was sued because of her "status as [an] elected official[]." *See* Am. Compl. at 14. As Senator Warren has noted, in this situation, when there has been no specific notice of the capacity in which federal officers have been sued, "the Sixth Circuit has 'construed an ambiguous complaint to assert claims against the officers in their official capacities.'" Sen. Warren's Mot. to Dismiss at 21-22 (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. 1995) (cleaned up)).

For all the legal reasons set forth by Senator Warren, *see* Sen. Warren's Mot. to Dismiss at 21-23, this Court lacks jurisdiction to adjudicate Plaintiffs' claims against Congresswoman Haaland unless they identify a waiver of sovereign immunity, *id.* at 22—and they have pleaded no such facts. The only potential waiver of sovereign immunity is the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq*. ("FTCA"), which is inapplicable to Plaintiffs' claims because they failed to exhaust their administrative remedies under the FTCA. Exhaustion of administrative remedies is a statutory prerequisite to suit under the FTCA. 28 U.S.C. § 2675(a). Plaintiffs have not alleged that they submitted an administrative claim to the House. And the undersigned Office of General Counsel—which processes FTCA administrative claims against House Members, officers, and staff—is not aware of their submission of any such claim. Accordingly, any claims Plaintiffs seek to bring against Congresswoman Haaland under the FTCA must be dismissed for failure to exhaust. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (FTCA's "clear statutory command" is that it "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").

The FTCA's discretionary function exemption also bars Plaintiffs' claims. This exemption bars liability for any conduct that involves "an element of judgment or choice," *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (quoting *Berkovitz v. United States*, 486 U.S.

9

531, 536 (1988)), where "that judgment is of the kind that the discretionary function exception was designed to shield," *Gaubert*, 499 U.S. at 322-23.  Here, Congresswoman Haaland's decision whether to issue a statement about the confrontation at the Lincoln Memorial and what to say involved judgment and choice.  Any FTCA claim based on her statements is therefore barred.

## CONCLUSION

For all of the reasons set forth above and in Senator Elizabeth Warren's Motion to Dismiss, the Amended Complaint should be dismissed with prejudice as to Congresswoman Haaland.  Congresswoman Haaland reserves the right to make further arguments in support of dismissal in later filings as appropriate.

Respectfully submitted,

/s/ Douglas N. Letter
DOUGLAS N. LETTER (DC Bar No. 253492)
*General Counsel*
TODD B. TATELMAN (VA Bar No. 66008)
*Deputy General Counsel*
BROOKS M. HANNER (DC Bar No. 1005346)
*Assistant General Counsel*
SARAH CLOUSE (MA Bar No. 688187)
*Assistant General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES[5]
219 Cannon House Office Building
Washington, D.C.  20515

---

[5] Attorneys in the U.S. House of Representatives Office of General Counsel are "entitled, for the purpose of performing the counsel's functions, to enter an appearance in any proceeding before any court of the United States or of any State or political subdivision thereof without compliance with any requirements for admission to practice before such court." 2 U.S.C. § 5571(a).

10

(202) 225-9700 (telephone)
(202) 226-1360 (facsimile)
douglas.letter@mail.house.gov

*Counsel for Defendant Congresswoman Debra Haaland*

11