**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CONVINGTON DIVISION**
*Electronically Filed*

|  |  |  |
|---|---|---|
| **JOHN DOES 1 THROUGH 10,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 2:19-cv-00117-WOB-CJS** |
| **v.** | ) | |
| | ) | **Judge William O. Bertelsman** |
| | ) | **Magistrate Judge Candace J. Smith** |
| **DEBORAH HAALAND, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>

# **TABLE OF CONTENTS**

TABLE OF CONTENTS .......................................................................................................... i

INTRODUCTION .............................................................................................................. 1

FACTUAL BACKGROUND .............................................................................................. 2

    I.    The January 18, 2019 Events in Washington D.C. .............................................. 2

    II.    Adam Edelen Tweets About the Events of January 18, 2019 ............................. 3

STANDARD OF REVIEW .......................................................**Error! Bookmark not defined.**

LEGAL ARGUMENT ......................................................................................................... 6

    I.    Plaintiffs' Fail to State a Claim Against Edelen for Defamation ......................... 6

    A. The Edelen Tweet Does Not Reference Any Person and is Not "About" or "Of and Concerning" Any Plaintiff ........................................................................... 7

    B. The Edelen Tweet Expresses Only Opinions ..................................................... 9

    C. The Edelen Tweet is Not Defamatory ............................................................. 11

    II.    Plaintiffs' Fail to State a Claim Against Edelen For Intrusion Upon Seclusion and Negligent Infliction of Emotional Distress ........................................................ 14

    A. The First Amendment Bars Plaintiffs' Remaining Claims ............................... 14

    B. Plaintiffs Have Not Set Forth a Claim for Intrusion Upon Seclusion .............. 15

    C. Plaintiffs Have Not Set Forth a Claim for Negligent Infliction of Emotional Distress .... 16

CONCLUSION ................................................................................................................ 18

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                   **Page(s)**

*Andrew v. Begley*,
    203 S.W.3d 165 (Ky. Ct. App. 2006) ...................................................................23

*Ball v. E.W. Scripps Co.*,
    801 S.W.2d 684 (Ky. 1990) ...............................................................................19

*Bell v Courier-Journal & Louisville Times Co.*,
    402 S.W.2d 84 (Ky. Ct. App. 1966) ...................................................................17

*Columbia Sussex Corp., Inc. v. Hay*,
    627 S.W.2d 270 (Ky. Ct. App. 1981) .................................................................19

*Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*,
    508 F.3d 327 (6th Cir. 2007) .............................................................................11

*Compuware Corp. v. Moody's Investors Services, Inc.*,
    499 F.3d 520 (6th Cir. 2007) .............................................................................16

*Dermody v. Presbyterian Church (U.S.A.)*,
    530 S.W.3d 467 (Ky. Ct. App. 2017) ............................................................17, 18

*Digest Publ'g Co., Inc. v. Perry Publishing Co., Inc.*,
    284 S.W.2d 832 (Ky. Ct. App. 1955) .............................................................19, 20

*Disabled American Veterans Dept. of Kentucky, Inc. v. Crabb*,
    182 S.W.3d 541 (Ky. Ct. App. 2005) .................................................................19

*Dukes v. Mid-E. Athletic Conference*,
    213 F. Supp. 3d 887 (W.D. Ky. 2016) ................................................................22

*E.W. Scripps Co. v. Cholmondelay*,
    569 S.W.2d 700 (Ky. Ct. App. 1978) .................................................................19

*Gahafer v. Ford Motor Co.*,
    328 F.3d 859 (6th Cir. 2003) .............................................................................17

*Hill v Evans*,
    258 S.W.2d 917 (Ky. Ct. App. 1953) .................................................................17

*Jenkins v. Best*,
    250 S.W.3d 680 (Ky.App.2007) .........................................................................23

*Keaton v. G.C. Williams Funeral Home, Inc.*,
    436 S.W.3d 538 (Ky. Ct. App. 2013) .................................................................24

*Kentucky Fried Chicken, Inc. v. Sanders*,
  563 S.W.2d 8 (Ky. 1978) ..............................................................................13, 14

*Kreipke v. Wayne State Univ.*,
  807 F.3d 768 (6th Cir. 2015) ...............................................................................12

*Lassiter v. Lassiter*,
  456 F. Supp. 2d 876 (E.D. Ky. 2006) ...................................................................15

*Louisville Times v. Stivers*,
  68 S.W.2d 411 (Ky. 1934) ..............................................................................13, 14

*McCall v. Courier-Journal and Louisville Times Co.*,
  623 S.W.2d 882 (Ky. 1981) ............................................................................18, 19

*McKenzie v. Allconnect, Inc.*,
  369 F. Supp. 3d 810 (E.D. Ky. 2019) ...................................................................21

*Murphy v. Cockrell*,
  505 F.3d 446 (6th Cir. 2007) ...............................................................................20

*O'Brien v. Williamson Daily News*,
  735 F. Supp. 218 (E.D. Ky. 1990) ........................................................................14

*In re Omnicare, Inc. Sec. Litig.*,
  769 F.3d 455 (6th Cir. 2014) ...............................................................................12

*Osborne v. Keeney*,
  399 S.W.3d 1 (Ky. 2012) ................................................................................23, 24

*Pearce v. Whitenack*,
  440 S.W.3d 392 (Ky. Ct. App. 2014) ...............................................................21, 22

*Reed v. Gulf Coast Enterprises*,
  No. 3:15-CV-00295-JHM, 2016 WL 79998 (W.D. Ky. Jan. 6, 2016) ....................24

*Roche v. Home Depot U.S.A.*,
  197 F. App'x 395 (6th Cir. 2006) ...................................................................17, 20

*Rosenblatt v. Baer*,
  383 U.S. 75 (1966) ...............................................................................................13

*Sandmann v. WP Company LLC*,
  2019 WL 3409881 (E.D. Ky. July 26, 2019) ................................................. *passim*

*Satawa v. Macomb Cty. Rd. Comm'n*,
  689 F.3d 506 (6th Cir. 2012) ...............................................................................21

*Shrout v. The TFE Group*,
    161 S.W.3d 351 (Ky. Ct. App. 2005) ...................................................................19

*Snyder v. Phelps*
    562 U.S. 443 (2011)...............................................................................................20, 21

*Stein v. HHGREGG, Incorporated*,
    873 F.3d 523 (6th Cir. 2017) ................................................................................12

*Stringer v. Wal-Mart Stores, Inc.*,
    151 S.W.3d 781 (Ky. 2004)...............................................................................13, 19

*Toler v. Süd-Chemie, Inc.*,
    458 S.W.3d 276 (Ky. 2014)...............................................................................12, 17

*Welch v. American Publ'g Co.*,
    3 S.W.3d 724 (Ky. 1999).......................................................................................20

*West v. Huxol*,
    135 F. Supp. 3d 590 (W.D. Ky. 2015).................................................................23

*Yancey v. Hamilton*,
    786 S.W.2d 854 (Ky. 1990).................................................................................16

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) ..............................................1, 11, 12

2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34(2)
    (Matthew Bender 3d ed. 2018) ...........................................................................12

RESTATEMENT (SECOND) OF TORTS § 563, cmt. c ..........................................18

United States Constitution First Amendment ....................................................... *passim*

Comes now Defendant, Adam Edelen, by and through his undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby files this Memorandum of Law in Support of his Motion to Dismiss for Failure to State a Claim.

## INTRODUCTION

Plaintiffs are unnamed students from Covington Catholic High School who became embroiled in a national controversy as a result of a confrontation that occurred on the steps of the Lincoln Memorial in Washington D.C. in January of 2019.  This Court has previously addressed a nearly identical case in *Sandmann v. WP Company LLC*, 2019 WL 3409881 (E.D. Ky. July 26, 2019) and rightfully dismissed nearly identical claims as those brought here.

At the time of the events Edelen had just recently announced his candidacy for Governor of the Commonwealth of Kentucky, and the day after the events in question and right after they became a national sensation, Edelen sent a single tweet providing his opinion on this national controversy with a distinct Kentucky nexus.

From this single tweet he has now been sued by these disgruntled students, upset at the treatment they received from the media and others about the events of that day. However, lawsuits like this are not the correct vehicle to resolve a difference of opinion. The First Amendment and Kentucky law affords complete protection for Edelen, an announced candidate for public office, to comment on issues of national importance. Our system of government would be crippled if every upset person could come to court and complain about the opinions of others.

This case should be dismissed in its entirety; the Constitution, Kentucky law, and the ideals of democracy demand it.

## FACTUAL BACKGROUND

### I.    The January 18, 2019 Events in Washington D.C.

On January 18, 2019, a group of students from Covington Catholic High School in Park Hills Kentucky attended a March for Life in Washington, D.C (the "Covington Students"). (Am. Compl. ¶¶ 15-16.)  While waiting on the steps of the Lincoln Memorial for a bus to arrive for their return trip to Kentucky, a group of men from an organization called the Black Hebrew Israelites, began yelling racial epithets and threats of violence towards the Covington Students. (Am. Compl. ¶¶ 16-17.)

While this yelling had been going on, a third group of individuals – Native Americans who had been attending an Indigenous Peoples March on the National Mall – approached the students singing and dancing. (Am. Compl. ¶¶ 17-18.) At the front of the group was Nathan Phillips ("Phillips"), a Native American leader, beating a traditional drum and chanting. (Am. Compl. ¶¶ 17-18.)

When the Native Americans reached the Covington Students, Phillips continued beating his drum and chanting within close proximity of the Covington Students. The Covington Students, many wearing "Make America Great Hats," taunted the Native Americans by doing a "Tomawhawk" chop and chanting. (Am. Compl. ¶¶ 18-19.) Shortly after the incident, video of the event was posted on Twitter. (Am. Compl. ¶¶ 17-18.)

In this digital age, at this political moment, video of this incident went viral and became the subject of numerous news articles and social media posts.

## II.    Adam Edelen Tweets About the Events of January 18, 2019

Adam Edelen ("Edelen") the former Auditor of the Commonwealth of Kentucky, announced his run for the Democratic Nomination for Governor of Kentucky on January 7, 2019, just days before the incidents on the National Mall.

By January 19, 2019, given that the issue had become a prominent national political event that directly impacted the Commonwealth, Edelen tweeted about the incident.

The subject tweet (hereinafter referred to as the "Edelen Tweet") in its entirety is as follows[1]:



For the Court's convenience, the linked story from the Associated Press and WHAS is attached hereto as Exhibit 1 (the "Associated Press Story"). It remains available on the internet to this day at the below link.[2] The Associated Press Story contains an embedded tweet from Twitter

---

[1] The Edelen Tweet links to a news story on the website of WHAS 11, the ABC-local affiliate station out of Louisville, Kentucky. That station is not a defendant to this case. The Associated Press is the author of the story linked to in the Edelen Tweet. The Associated Press is not a defendant to this case.

[2]      https://www.whas11.com/article/news/kentucky/native-american-says-he-sought-to-quell-tension/417-70f2f5c1-eee9-4d49-bd1a-7aec54cad241

user ka_ya11, which is the video of the incident giving rise to the present case. As of the filing of this response the Associated Press Story has been updated since its original publication on January 19, 2019, but it does not contain a correction. (*See generally*, Exhibit 1.)

Notwithstanding the fact that the news agencies that wrote and published the Associated Press Story are not a party to this case, the Complaint alleges the news article contains "false factual statements" and alleges that the Edelen Tweet "validated the false factual claims of the article." (Am. Compl. ¶ 24.)  According to the Amended Complaint, the Associated Press Story contains "false factual statements," ___**but it does not quote the story itself**___.  Instead, it claims that the "false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in the event, surrounded him in a threatening manner, and taunted him, as a native American elder with chants of "build the wall" to mock an elderly Native American in the middle of an indigenous march." (*Id.*)

A review of the Associated Press Story shows that the article linked in the Edelen Tweet makes none of these accusations. In its entirety, apart from the video linked in the article and an updated statement from one of the Covington Students himself, the article states as follows:

> FRANKFORT, Ky. — A Native American organizer of a march in Washington, D.C., says he felt compelled to get between a group of black religious activists and largely white students with his ceremonial drum to defuse a potentially dangerous situation.
>
> Nathan Phillips on Sunday recounted for The Associated Press how he came to be surrounded by a group of students from a Catholic boys' high school in Kentucky in an encounter captured on videos that are circulating online. Some of the students were wearing "Make America Great Again" hats.
>
> Phillips was participating in Friday's Indigenous Peoples March. The students had attended the March for Life rally the same day.

> Videos also show members of the activist group yelling insults at the students, who taunt them in return.
>
> Videos also show students chanting, laughing and jeering as Phillips sings and plays the drum.
>
> A Kentucky diocese has issued an apology to the Ypsilanti, Michigan, man.

(Exhibit 1.) The Edelen Tweet itself consists of three statements apart from the linked article:

> **Statement 1**: This is outrageous and abhorrent behavior.
>
> **Statement 2**: I hope part of any punishment is to ensure they read a history book on how America's indigenous people have been treated.
>
> **Statement 3**: The parents and school that produced these boys need to do some serious soul-searching.

The Edelen Tweet and the Associated Press Story are the only published statements that form the basis of the claims against Edelen. (*See* Am. Compl. ¶ 24, 128).

## STANDARD OF REVIEW

On a motion to dismiss under Fed. R. Civ. P 12(b)(6), this Court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (internal quotation marks and citation omitted). The Court need not, however, "accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Id.* "To state a valid claim, a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Id.*

"[A] court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting

the motion to one for summary judgment." *E.g., Stein v. hhgregg, Inc.*, 873 F.3d 523, 528 (6th Cir. 2017) (citation omitted). Thus, "if a plaintiff references or quotes certain documents, or if public records refute a plaintiff's claim, a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion ... Fairness and efficiency require this practice." *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014). Where an exhibit "contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *See, e.g., Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015) (citation and internal quotation marks omitted); 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34(2) (Matthew Bender 3d ed. 2018) [hereinafter "MOORE'S"].

As a result, the Court may consider the Associated Press Story linked in the Edelen Tweet since it is referenced in and linked to the statements that Plaintiffs allege form the basis of a cause of action against Edelen. *Kreipke*., 807 F.3d at 782. Further, to the extent that the Associated Press Story contradicts the allegations of the complaint, the Associated Press Story "trumps" the allegations of the complaint. *Id*.

## LEGAL ARGUMENT

### I.    Plaintiffs' Fail to State a Claim Against Edelen for Defamation

In Kentucky, a cognizable claim for defamation requires:

> (a) a false and defamatory statement concerning another;

> (b) an unprivileged publication to a third party;

> (c) fault amounting at least to negligence on the part of the publisher; and

> (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276, 282 (Ky. 2014) (internal footnote and quotations omitted).

6

Here Plaintiffs' claims against Edelen for posting the Edelen Tweet must be dismissed because the Edelen Tweet: 1) Is not "About" or "Of and Concerning" the Plaintiffs; 2) Express Opinions are not verifiable facts; and 3) Is not defamatory.

### A.   The Edelen Tweet Does Not Reference Any Person and is Not "About" or "Of and Concerning" Any Plaintiff

The first element of a defamation claim requires that the challenged statements be "about" or "concerning" the plaintiff. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 793 (Ky. 2004), *overruled on other grounds by Toler v. Sud-Chemie, Inc.*, 458 S.W.3d 276 (Ky. 2014); *see also Rosenblatt v. Baer*, 383 U.S. 75, 81 (1966). "[W]here defamatory statements are made against an aggregate body of persons, an individual member not specially imputed or designated cannot maintain an action." *See, e.g., Louisville Times v. Stivers*, 68 S.W.2d 411, 412 (Ky. 1934) (citation omitted). "[T]he statement must be applicable to every member of the class, and if the words used contain no reflection upon any particular individual, no averment can make them defamatory." *Kentucky Fried Chicken, Inc. v. Sanders*, 563 S.W.2d 8, 9 (Ky. 1978).

Here, Plaintiffs' allegations against Edelen fail on this threshold issue. Neither the Edelen Tweet nor the Associated Press Story reference any plaintiff. The Edelen Tweet contains generic identification of the people involved using such words as "they," "parents," and "these boys." The Associated Press Story uses similarly generic terms repeatedly referring to the Covington Students as "students" and nowhere in the original article tweeted by Edelen is the name of any individual used.[3]

---

[3] In the updated story, the statement from Nick Sandmann is included and identifies Sandmann as one of the Covington Students seen in the video. At this time, it is unclear whether Sandmann is one of the Plaintiffs in this litigation. Regardless, since the article itself does not ascribe any action to Sandmann and the only reference to Sandmann is the statement he released himself, any alleged defamatory statements contained in the Associated Press Story cannot reasonably be considered "about" or "of and concerning" any of the Plaintiffs. The Complaint is certainly devoid of

This Court has already rejected the idea that generic terms such as "teens," "a few people," and "they" can form the basis of a defamation claim arising from the very incident at issue in this litigation. *Sandmann*, 2019 WL 3409881 at \*6 ("Instead, [referring] to 'hat wearing teens'; 'the teens'; 'teens and other apparent participants'; 'A few people'; 'those who should listen most closely'; and 'They'… are not actionable because they are not about [the Plaintiff]".) *citing Kentucky Fried Chicken, Inc. v. Sanders*, 563 S.W.2d 8, 9 (Ky. 1978) (affirming dismissal of defamation complaint where newspaper published derogatory statements about KFC's gravy because there was "nothing in the present article which identified" or made "direct reference to" plaintiff's particular restaurant location); *Stivers*, 68 S.W.2d at 411-12 (holding that plaintiff's defamation claim should have been dismissed because statement that the "Stivers clan" had been involved in "fist fights and gun battles" was toward a group or class and not actionable as a matter of law); *O'Brien v. Williamson Daily News*, 735 F. Supp. 218, 220 (E.D. Ky. 1990) (dismissing defamation claims of teachers not identified in an article that mentioned "teachers having affairs with students" because the article referred to "no identifiable group member and does not impugn the reputation of any specific member"), *aff'd*, 931 F.2d 893 (6th Cir. 1991).

Like statements that "hat wearing teens," "the teens," "teens and other apparent participants" and "they" statements like "they," "parents," and "these boys" are clearly "made against an aggregate body of persons" and thus "an individual member not specially imputed or designated cannot maintain an action." *Stivers*, 268 S.W.2d at 412. Since no Plaintiff is mentioned in the Edelen Tweet or the Associated Press Story, "the words used contain no reflection upon any particular individual," and therefore "no averment can make them defamatory." *Sanders*, 563

---

allegations sufficient to identify how any such statement is "about" or "of and concerning" any Plaintiff.

8

S.W.2d at 9.

### B.  The Edelen Tweet Expresses Only Opinions

"Few principles of law are as well established as the rule that statements of opinion are not actionable in libel actions." *Sandmann*, 2019 WL 3409981, at *6. "This rule is based on the right to freedom of speech in the First Amendment to the United States Constitution." *Id. citing* David A. Elder, *Kentucky Tort Law: Defamation and the Right of Privacy* § 2.04 (1983); 13 David J. Leibson, *Kentucky Practice (Tort Law)* § 15:2 (1995).

"This Court has had occasion to address this issue several times." *Id.* citing *Loftus v. Nazari*, 21 F. Supp.3d 849, 853-54 (E.D. Ky. 2014) (holding that patient's statements regarding allegedly poor results of plastic surgery were protected opinion); *Lassiter v. Lassiter*, 456 F. Supp. 2d 876, 881-82 (E.D. Ky. 2006) (holding that woman's statement that her ex-husband had committed adultery was protected opinion because the facts on which she based that statement were all disclosed in the publication in question), aff'd, 280 F. App'x 503 (6th Cir. 2008).

In *Lassiter*, this Court quoted *Leibson* on this point:

> Pure opinion ... occurs where the commentator states the facts on which the opinion is based, or where both parties to the communication know or assume the exclusive facts on which the comment is based.

*Lassiter*, 456 F. Supp. 2d at 881 (alteration in original) (quoting 13 David J. Leibson, *Kentucky Practice (Tort Law)* § 15:2 at 449 (1995)).

"Under these authorities, the statements that [Plaintiffs] challenge[] constitute protected opinions that may not form the basis for a defamation claim." *Sandmann*, 2019 WL 3409881, at *7. None of the statements in the Edelen Tweet can reasonably considered actionable as they express only opinions. To say something is "outrageous" and abhorrent" is not expressing an objectifiable fact but a constitutionally protected opinion about behavior. Saying "I hope part of any punishment" is to express an opinion as to what should happen to someone given their

behavior. Saying "boys need to do some serious soul-searching" is again expressing an opinion and judgment on a given behavior. All of this is constitutionally protected free speech of an *opinion* about a given event. Plaintiffs are certainly free to disagree with Edelen, but they cannot sue him and infringe upon his First Amendment rights to express his opinion. *Compuware Corp. v. Moody's Investors Services, Inc.*, 499 F.3d 520, 529 (6th Cir. 2007) (statements that do not convey "actual, objectively verifiable facts" but reflect only the speakers' opinion are not actionable statements for purposes of defamation); *Yancey v. Hamilton*, 786 S.W.2d 854,857  (Ky. 1990) (same), *Sandmann*, 2019 WL 3409881 at **7-8 (same).

The Associated Press Story is equally unactionable and the statements contained in the Associated Press Story are almost identical to the statements in the Washington Post articles at issue in *Sandman*, which this Court held could not form the basis of a defamation claim because the statements expressed opinions. Like the Washington Post articles, the Associated Press Story describes how Phillips "felt", specifically stating "he felt compelled to get between a group of black religious activists and largely white students with his ceremonial drum to defuse a potentially dangerous situation." As this Court has already held "[how] Phillips 'felt' is objectively subjective, and…is simply not 'capable of being proved objectively incorrect." *Sandmann*, 2019 WL 3409881 at *7 *citing  Clark v. Viacom Int'l, Inc.*, 617 F. App'x 495, 508 (6th Cir. 2015).

Similarly, the Associated Press Story here describes videos showing "students chanting, laughing and jeering as Phillips sings and plays the drum" just like how the Washington Post article in *Sandmann* described the students as "jeering, disrespectful students." Just like in *Sandmann*, the

10

Associated Press Story's description of the students "are subjective opinions" and cannot form the basis of a defamation claim.[4]

Accordingly, the defamation claims asserted against Edelen for the Edelen Tweet must be dismissed because the only statements in the Edelen Tweet are subjective opinions that receive constitutional First Amendment protection. Edelen cannot be held liable for voicing his opinion about a political event of public concern.

### C.      The Edelen Tweet is Not Defamatory

Even assuming, arguendo, that the above statements are "about" Plaintiffs (they are not) and that they convey objectively provable facts (they don't), "there is no allegation of special damages, [so] unless the publication may be considered as actionable per se," the Court must dismiss the action. *Hill v Evans*, 258 S.W.2d 917,918 (Ky. Ct. App. 1953); *Dermody v. Presbyterian Church (U.S.A.)*, 530 S.W.3d 467, 475 (Ky. Ct. App. 2017); *Bell v Courier-Journal & Louisville Times Co.*, 402 S.W.2d 84, 86 (Ky. Ct. App. 1966).

"In determining whether a writing is libelous *per se* [under Kentucky law], courts must stay within the four corners of the written communication. The words must be given their ordinary, natural meaning as defined by the average lay person. The face of the writing must be stripped of all innuendoes and explanations." *Roche v. Home Depot U.S.A.*, 197 F. App'x 395, 398 (6th Cir. 2006) (emphasis added) (citations and internal quotation marks omitted); *Gahafer v. Ford Motor Co.*, 328 F.3d 859, 863 (6th Cir. 2003). Then, the Court must "analyze the article in its entirety

---

[4] Even if the statement that the students were "chanting, laughing, and jeering" could form the basis of a defamation claim, and they cannot, the video shows the students "chanting and laughing." Therefore, this statement cannot form the basis of a defamation suit because it is objectively true that the students, at least some of them as described in the Associated Press Story, were in fact laughing and chanting. *Toler v. Sud-Chemie, Inc.*, 458 S.W.3d 276, 289 (Ky. 2014), as corrected (Apr. 7, 2015) ("Truth is always a complete defense to defamation.")

and determine if its gist or sting is defamatory." *McCall v. Courier-Journal and Louisville Times Co.*, 623 S.W.2d 882, 884 (Ky. 1981).

Plaintiffs allege that the "gist" of the Edelen Tweet is that by "omitting the true facts," he "implied the following facts were true" and that the "gist of the false statements made about the Plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a Native American elder, with chants of "build the wall" to mock an elderly native American in the middle of an indigenous march." (Am. Comp. ¶ 128.)

Of course, any reasonable reading of the Edelen Tweet and the Associated Press Story shows that these statements say none of those things. Instead "[Plaintiffs'] reasoning is precisely the type of 'explanation' and 'innuendo' that 'cannot enlarge or add to the sense or effect of the words charged to be libelous or impute to them a meaning not warranted by the words themselves." *Sandmann*, 2019 WL 3409881, at *9 *citing Dermody*, 530 S.W.3d at 475.

Plaintiffs may be upset they were scorned on social media, but this is "extrinsic evidence of context or circumstances" outside of the four corners of the article that renders the publication libel *per quod*. *Sandmann*, 2019 WL 3409881, at *9 *citing Stringer*, 151 S.W.3d at 795; *Dermody v. Presbyterian Church U.S.A.*, 530 S.W.3d 467, 475 (Ky. Ct. App. 2017).

As the Restatement and Kentucky law make clear: if individuals, "by an unreasonable construction" attach a "derogatory meaning," this "does not render the language defamatory." RESTATEMENT (SECOND) OF TORTS § 563, cmt. c (AM. LAW INST. 1977). The law of defamation is not "a question of the existence of some individual or individuals with views sufficiently peculiar to regard as derogatory what the vast majority of persons regard as innocent."

*Id.* at § 559 cmt. e. Instead, "[t]o be libelous per se the defamatory words must be of such a nature that courts can presume as a matter of law that they do tend to degrade or disgrace [the plaintiff], or hold him up to public hatred, contempt or scorn." *Digest Publ'g Co., Inc. v. Perry Publishing Co., Inc.*, 284 S.W.2d 832, 834 (Ky. Ct. App. 1955). The words in the Edelen Tweet and the Associated Press Story fall short of that mark.

The statements here, in the context of the whole article, are nothing like the words Kentucky courts have recognized as defamatory *per se. See, e.g., Stringer*, 151 S.W.3d at 792-93, 795 (written and oral statements that employees "had been fired for stealing" or "for an integrity issue"); *Ball v. E.W. Scripps Co.*, 801 S.W.2d 684, 687-88 (Ky. 1990) (Commonwealth attorney accused of "turn[ing] [criminals] right back, and they commit crime after crime; they couldn't have a better friend"); *McCall*, 623 S.W.2d at 885 (finding it defamatory to accuse an attorney of "fix[ing] the cases" or "brib[ing] a judge"); *Disabled American Veterans Dept. of Kentucky, Inc. v. Crabb*, 182 S.W.3d 541,547 (Ky. Ct. App. 2005) (accusations that employee engaged in a "sexual liaison" with one of her co-workers and "misappropriated" funds); *Shrout v. The TFE Group*, 161 S.W.3d 351, 355-57 (Ky. Ct. App. 2005) (continuing to report false positive result of plaintiff's drug test); *Columbia Sussex Corp.*, 627 S.W.2d at 272-73 (general manager's words which conveyed strong assertion that either hotel manager or one of her employees was involved in the hotel robbery); *E.W. Scripps Co. v. Cholmondelay*, 569 S.W.2d 700, 701-02 (Ky. Ct. App. 1978) (newspaper falsely stated that a minor had "pounded" another child's head "over and over again against the pavement" and "savagely beaten [him] into insensibility," thus describing the commission of a violent crime).

In sum, taking the "ordinary, natural meaning" of the words in the "four corners" of the Edelen Tweet and the Associated Press Story, and when "stripped of all innuendoes and

13

explanations," *Roche*, 197 F. App'x at 398, the "gist or sting" of the article would not "tend to expose Plaintiffs to public hatred, ridicule, contempt or disgrace, or to induce an evil opinion of him in the minds of right-thinking people." *Digest Publ'g Co.*, 284 S.W.2d at 834. Nor do those statements "impugn [Plaintiffs'] competence, capacity, or fitness in the performance of [their] profession," *Welch v. American Publ'g Co.*, 3 S.W.3d 724, 735 (Ky. 1999).

As a result, the defamation claim against Edelen must be dismissed for the statements attributed to him by Plaintiffs are not defamatory.

## II. Plaintiffs' Fail to State a Claim Against Edelen For Intrusion Upon Seclusion and Negligent Infliction of Emotional Distress

### A. The First Amendment Bars Plaintiffs' Remaining Claims

Plaintiffs remaining claims against Edelen (intrusion upon seclusion and negligent inflection of emotional distress) also must be dismissed because the behavior complained of here is also protected by the First Amendment. The Edelen Tweet expresses an opinion on a matter of public concern in a public place made by a candidate for public office. This type of speech "occupies the highest rung of the hierarchy of First Amendment values and is entitled to special protection." *Murphy v. Cockrell*, 505 F.3d 446, 451 (6th Cir. 2007).

In *Snyder v. Phelps* 562 U.S. 443 (2011), the United States Supreme Court overturned a jury verdict against Westboro Baptist Church and found the First Amendment protected their egregious conduct from tort liability. Westboro Baptist Church is the notorious organization that pickets the funerals of military veterans and often carry disturbing and intentionally aggravating signs whilst they do so. Nevertheless, the Court found that this practice occurred "at a public place on a matter of public opinion" and held that the protesters' First Amendment rights entitled them to immunity from claims of intentional infliction of emotional distress and intrusion upon seclusion. *Id.* at 459-661. If the First Amendment protects such egregious conduct, then it certainly

14

reaches and protects the activity of a candidate for public office opining on a matter of public concern on a social media platform.

This Court has already determined that the Covington Students' actions that gave rise to the present dispute is a matter of "public concern." *Sandmann*, 2019 WL 3409881 at *4. There can be no debate that the social media platform is a public place as it is one of the most active platforms in modern society where the exchange of views takes place. *Satawa v. Macomb Cty. Rd. Comm'n*, 689 F.3d 506, 521 (6th Cir. 2012) ("A forum is public because it is a place long dedicated, whether by law or tradition, to "assembly, communicating thoughts between citizens, and discussing public questions.")

Thus, the Edelen Tweet is entitled to First Amendment protections and he is immune from tort liability for expressing his opinion in a public space on a matter of public concern. *Snyder v. Phelps,* 562 U.S. 443 (2011).

### B.    Plaintiffs Have Not Set Forth a Claim for Intrusion Upon Seclusion

A claim for intrusion upon seclusion requires proof of the following elements: "(1) an intentional intrusion by the defendant, (2) into a matter that the plaintiff has a right to keep private, and (3) which is highly offensive to a reasonable person." *McKenzie v. Allconnect, Inc.*, 369 F. Supp. 3d 810, 819 (E.D. Ky. 2019).  As such, liability is limited to instances "when [the defendant] has intruded into a private place or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs." *Pearce v. Whitenack*, 440 S.W.3d 392, 401 (Ky. Ct. App. 2014).

A claim for intrusion upon seclusion cannot, as a matter of law, be found when a claim is based on "observing [a plaintiff] or even taking his photograph while he is walking on the public highway, since he is not then in seclusion, and his appearance is public and open to the public

15

eye." *Id*. "A plaintiff cannot show that the defendant intruded into his or her private affairs for events that occurred while he or she appeared in public and expected to interact with others." *Dukes v. Mid-E. Athletic Conference*, 213 F. Supp. 3d 887, 892 (W.D. Ky. 2016).

This case concerns actions by the Plaintiffs that occurred on the steps of the Lincoln Memorial at the conclusion of a public march on an issue of public importance. The Plaintiffs images were then widely circulated across the internet and social media. Had they wanted the protections of seclusion, they could have remained at home. Instead, they ventured to the nation's capital, engaged in a public matter, at one of the nation's most iconic monuments.

There is simply no basis to find the seclusion necessary for Edelen to intrude. Accordingly, Plaintiffs' claims for inclusion upon seclusion must be dismissed. *Dukes*, 213 F. Supp. 3d 887 at, 892–93. (dismissing a claim for intrusion upon seclusion because "[l]ike the plaintiff in Cheatham who could expect to have her photograph taken while at a bikers' festival, Dukes thus could have expected at least the possibility that Barbee would use her phone number to send her text messages. Therefore, even if the content of the messages was distasteful, Barbee's sending the text messages did not intrude upon Dukes' seclusion.").

### C.      Plaintiffs Have Not Set Forth a Claim for Negligent Infliction of Emotional Distress

Plaintiffs' two paragraph attempt to state a cause of action for negligent infliction of emotional distress must fail because Plaintiffs literally plead no element of a negligent infliction of emotional distress claim. (Am. Compl. ¶ 135-136.)

To state a claim for negligent inflection of emotional distress, a Plaintiff must provide allegations that: "(1) the defendant owed a duty of care to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." *Osborne v. Keeney*, 399 S.W.3d 1, 17 (Ky. 2012). Further, because "emotional tranquility

is rarely attained and that some degree of emotional harm is unfortunate reality of living in a modern society," only "severe" or "series" emotional injuries are sufficient to state a claim for negligent infliction of emotional distress. *Id*. "A "serious" or "severe" emotional injury occurs where a reasonable person, normally constituted, would not be expected to endure the mental stress engendered by the circumstances of the case." *Id*. "Distress that does not significantly affect the plaintiffs' everyday life or require significant treatment will not suffice."

Plaintiffs have simply failed to plead a claim for negligence at its most basic level. Plaintiffs have failed to describe the duty Edelen owned them relevant to this case. *West v. Huxol*, 135 F. Supp. 3d 590, 596 (W.D. Ky. 2015) ("If no duty is owed by the defendant to the plaintiff, there can be no breach thereof, and therefore no actionable negligence."); *Jenkins v. Best*, 250 S.W.3d 680, 691 (Ky.App.2007) ("[O]ur courts have never found liability in tort unless we have first found circumstances giving rise to a relationship of some kind in which one particular party owed a duty to another particular party.")

Plaintiffs have failed to describe in detail how Edelen breached that duty by simply posting a tweet on his Twitter feed that does not identify any person by name or other identifying characteristics. *See Andrew v. Begley*, 203 S.W.3d 165, 170 (Ky. Ct. App. 2006) ("The presumption of negligence "is never indulged in from the mere evidence of mental pain and suffering") (internal quotations omitted).

Plaintiffs have failed to properly plead a "serious" or "severe" injury necessary for sustaining a claim for negligent inflection of emotional distress. *Osborne*, 399 S.W.3d 1, 17 (Ky. 2012) (requiring a pleading of "severe" or "series" emotional injury).

Most lacking however, is Plaintiffs' utter failure to precisely plead how the Edelen Tweet caused Plaintiffs injury. There is no allegation that any of the Plaintiffs even read the Edelen Tweet.

There is no allegation that any of Plaintiffs' "friends, family, or associates" actually saw the Edelen Tweet. *See* Am. Compl. ¶¶ 28-29, 135-36. Indeed, the Amended Complaint is utterly bereft of how any action taken by Edelen caused any injury to Plaintiffs. This is sufficient to dismiss the claim. *Keaton v. G.C. Williams Funeral Home, Inc.*, 436 S.W.3d 538, 542 (Ky. Ct. App. 2013) ("The absence of proof on any one of the required [negligence] elements is fatal to a negligence claim.")

In short, in the two paragraphs where Plaintiffs have attempted to plead a claim for negligent infliction of emotional distress, they have failed to plead the most basic elements of a claim, and such limited accusations without facts supporting the elements cannot survive a motion to dismiss. *Reed v. Gulf Coast Enterprises*, No. 3:15-CV-00295-JHM, 2016 WL 79998 (W.D. Ky. Jan. 6, 2016) ("A complaint falls short if it pleads facts merely consistent with a defendant's liability or if the alleged facts do not permit the court to infer more than the mere possibility of misconduct. Instead, the allegations must show that the pleader is entitled to relief.")

## CONCLUSION

WHEREFORE, for the reasons stated above, the Plaintiffs' claims, as plead, must be dismissed with prejudice in their entirety.

Dated: September 27, 2019                     Respectfully submitted,

*/s/ David Suetholz*
David Suetholz, KY BPR #90199
**BRANSTETTER, STRANCH**
**& JENNINGS, PLLC**
515 Park Ave.
Louisville, KY 40208
Ph: (502) 636-4333
Fax: (502) 636-4342
davids@bsjfirm.com

Benjamin A. Gastel* (TN BPR #28699)
**BRANSTETTER, STRANCH**
**& JENNINGS, PLLC**
223 Rosa L. Parks Avenue, Suite 200

Nashville, Tennessee, 37203
Ph: (615) 254-8801
Fax: (615) 255-5419
beng@bsjfirm.com

*Pro Hac Vice* Pending

*Counsel for Defendant Adam Edelen*

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 27, 2019 a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system and/or by U.S. Mail, pre-paid postage, upon the following:

Kevin L. Murphy
Murphy Landen Jones, PLLC - Ft. Mitchell
2400 Chamber Center Drive
Suite 200
P.O. Box 17534
Ft. Mitchell, KY 41017-0534
Email: KMurphy@MLJfirm.com

Robert E. Barnes
Barnes Law
601 S. Figueroa Street
Suite 4050
Los Angeles, CA 90017
Email: robertbarnes@barneslawllp.com

*Attorneys for Plaintiffs*

Brooks M. Hanner
Sarah Clouse
Douglas Letter
Todd Tatelman
Office of General Counsel-U.S. House of Representatives
219 Cannon HOB
Washington, DC 20515
Email: brooks.hanner@mail.house.gov
Email: sarah.clouse@mail.house.gov
Email: douglas.letter@mail.house.gov
Email: todd.tatelman@mail.house.gov

*Attorneys for Defendant, Deborah Haaland*

Daniel J. Canon
Clay Daniel Walton & Adams, PLC
917 Lily Creek Road
Louisville, KY 40243
Email: dan@dancanonlaw.com

John M. Geise
Marc E. Elias
Uzoma N. Nkwonta
Perkins Coie
700 13th Street, N.W.
Suite 600
Washington, DC 20005-3960
Email: JGeise@perkinscoie.com
Email: MElias@perkinscoie.com
Email: UNkwonta@perkinscoie.com

*Attorneys for Defendant, Senator Elizabeth Warren*

Monica Louise Dias
Michael E. Nitardy
Frost Brown Todd LLC - Cincinnati
301 E. Fourth Street
3300 Great American Tower
Cincinnati, OH 45202
Email: mdias@fbtlaw.com
Email: mnitardy@fbtlaw.com

*Attorneys for Defendant Maggie Haberman*

James Stephen Smith
Graydon, Head & Ritchey, LLP - Ft. Mitchell
2400 Chamber Center Drive
Suite 300
Ft. Mitchell, KY 41017
Email: ssmith@graydon.com

John C. Greiner
Graydon, Head & Ritchey LLP - Cincinnati
312 Walnut Street
Suite 1800
Cincinnati, OH 45202
Email: jgreiner@graydon.law

*Attorneys for Kathy Griffin*

Jon L. Fleischaker
Michael P. Abate
Andrea Aikin
Kaplan Johnson Abate & Bird LLP
710 W. Main St. 4th Floor
Louisville, KY 40202
Email: jfleischaker@kaplanjohnsonlaw.com
Email: mabate@kaplanjohnsonlaw.com
Email: aaikin@kaplanjohnsonlaw.com

*Attorney for Defendants, Jodi Jacobson and Kevin Kruse*

Ana Violeta Navarro Flores *(via U.S. Mail)*
2907 Columbus Blvd.
Coral Gables, FL 33134
*Pro Se Defendant*

Matthew John Dowd *(via U.S. Mail)*
307 W. Monroe Street
Austin, TX 78704-3023
*Pro Se Defendant*

Reza Aslan *(via U.S. Mail)*
1954 Pinehurst Road
Los Angeles, CA 90068-3730
*Pro Se Defendant*

Jeffrey Shaun King *(via U.S. Mail)*
214 Duffield Street
Brooklyn, NY 11201-5339
*Pro Se Defendant*

Clara Jeffery *(via U.S. Mail)*
3809 20th Street, Apt. 305
San Francisco, CA 94114-3058
*Pro Se Defendant*

/s/*David Suetholz*
David Suetholz, KY BPR #90199