UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

*ELECTRONICALLY FILED*

| | |
|---|---|
| JOHN DOES 1-10,<br><br>*Plaintiffs*,<br><br>v.<br><br>CONGRESSWOMAN DEBRA HAALAND, et al.,<br><br>*Defendants*. | No. 3:19-cv-117-WOB-CJS |

**OPPOSITION TO MOTION TO REMAND BY
DEFENDANTS JODI JACOBSON AND KEVIN KRUSE**

Defendants Jodi Jacobson and Kevin Kruse oppose the Motion to Remand filed by Plaintiffs John Does 1-10. Defendants Jacobson and Kruse will not restate the substantive arguments in favor of Federal Officer removal, which were amply stated by Sen. Warren in opposing the remand motion. Nevertheless, Defendants Jacobson and Kruse submit this short opposition brief to raise two additional points applicable to the claims against them.

*First*, this Court has discretion to consider threshold jurisdictional arguments before deciding Plaintiffs' remand motion. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999). That includes Defendants' motion to dismiss for lack of personal and/or subject matter jurisdiction.

*Second*, there is no basis for Plaintiffs' unsupported suggestion that the Court should remand the claims against the non-federal officer defendants. On the contrary, the Federal Officer Removal statute and case law interpreting it make clear that removal under § 1442(a)(1) applies to the entire "civil action," even if only a single claim raised in the complaint touches on a federal officer. Having

1

elected to plead their claims against all the defendants in a single suit, Plaintiffs are not entitled to claim split—and forum shop—in this manner.

I.  **This Court May Consider Defendants' Pending Jurisdictional Arguments Before Addressing the Motion to Remand.**

This Court has discretion to consider a motion to dismiss on any threshold ground before resolving a motion to remand. As the Supreme Court explained in *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999), federal courts may "choose among threshold grounds for denying audience to a case on the merits." Thus, for example, district courts have the discretion to address issues like personal jurisdiction before removal jurisdiction where—as here—the personal jurisdiction issues are straightforward and uncomplicated. *Id.* at 587; *see also, e.g.*, *Wolstenholme v. Bartels*, 511 Fed. App'x 215, 217 (3d Cir. 2013) ("[T]he District Court acted within its discretion when it elected to dispose of the personal jurisdiction question before reaching the question of whether or not it had subject-matter jurisdiction."); *Ballew v. Roundpoint Mortg. Servicing Corp.*, 491 Fed. App'x 25, 26 (11th Cir. 2012) ("The district court did not abuse its discretion by disposing of the Ballews' complaint based on the issue of personal jurisdiction" before ruling on remand motion); *Lolavar v. de Santibanes*, 430 F.3d 221, 227 (4th Cir. 2005) ("[A] federal court may decide a straightforward question concerning personal jurisdiction without first determining that it has subject-matter jurisdiction over the case." (quotation marks and citation omitted)); *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000) ("A federal court may consider personal jurisdiction issues prior to addressing a motion to remand where 'federal intrusion into state courts' authority is minimized.'" (quoting *Ruhrgas*, 526 U.S. at 587)).

This is precisely such a case. Here, Defendants Jacobson and Kruse have raised two threshold jurisdictional arguments that may be easily resolved without wading into state-law issues. First, Defendants have shown that the Due Process clause of the U.S. Constitution would prevent any court in Kentucky—federal or state—from exercising jurisdiction over them based on an

allegedly tortious tweet made from another state (here, Maryland and New Jersey) concerning events that happened in Washington, D.C. *See* Doc. 26, Motion to Dismiss, PageID#: 244-248; *see also Cadle Co. v. Schlichtmann*, 123 Fed. App'x 675 (6th Cir. 2005). That is a straightforward question of constitutional law that will require dismissal of this lawsuit by whichever court decides the matter.

Second, Defendants Jacobson and Kruse have explained that Plaintiffs' failure to identify themselves similarly deprives this Court of jurisdiction over the case. *See* Doc. 26, Motion to Dismiss, PageID#: 249-250. Rule 10 requires pleadings to name all parties to a case, and the failure to do so—or at least to seek permission to proceed anonymously—fails to appropriately invoke the power of the court. *See, e.g.*, *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (where a party attempts to proceed anonymously without first obtaining permission, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them" (quotation marks and citation omitted)); *See also, e.g.*, *Estate of Rodriquez v. Drummond Co.*, 256 F. Supp. 2d 1250, 1257 (N.D. Ala. 2003) (same); *Argueta v. U.S. Immigration & Customs Enf't*, 2009 WL 1307236, at *11 (D.N.J. May 7, 2009) (dismissing claims of anonymous plaintiffs denied the right to proceed under a pseudonym with leave to refile in their own names).

These two threshold grounds are easily resolved. Thus, even if this Court believed that the appropriateness of federal officer removal is a close question—which it is not—the Court would be perfectly free to dismiss the claims against Defendants Jacobson and Kruse without remanding the case back to state court for that inevitable outcome.

**II.   There is No Basis for a Remand of Only Those Claims Against Non-Federal Officer Defendants.**

Plaintiffs incorrectly suggest that this Court should remand the claims against all parties except for Sen. Warren and Rep. Haaland, regardless of the appropriateness of Federal Officer Removal. *See* Doc. 34-1, Motion to Remand, PageID#: 299-300. Plaintiffs simply assert, without any authority, that remanding a portion of the case is permissible and appropriate. That is not the law.

As the Sixth Circuit has recognized, the federal officer removal statute "'authorizes removal *of the entire case* even if only one of the controversies it raises involves a federal officer or agency[.]'" *Bennett v. MIS Corp.*, 607 F.3d 1076, 1084 n.7 (6th Cir. 2010) (emphasis added) (quoting 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Joan E. Steinman, Federal Practice & Procedure § 3726 (4th ed. 2009)); *see also, e.g.*, *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 463 (5th Cir. 2016) ("[R]emoval of the entire case is appropriate so long as a single claim satisfies the federal officer removal statute."); *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 844 (S.D. Ill. 2006) ("[S]ection 1442(a)(1) authorizes removal of an entire case, even though only one of its controversies might involve a federal officer or agency."). This holding flows directly from the language of 42 U.S.C. § 1442(a)(1), which allows a federal officer to remove any "civil action" that meets the statute's criteria. Courts to which such actions have been removed should not begin to pick apart the various claims the plaintiff alleged—particularly because the plaintiff deemed the claims related enough to plead them together in the first instance.

In reality, this argument seems to be little more than forum shopping by Plaintiffs, who appear eager to avoid litigating before a Court that has already dismissed similar claims brought by their classmate. *See Sandmann v. WP Co. LLC*, 2019 WL 3409881 (E.D. Ky. July 26, 2019). After all, there is no discernable reason why "[i]t would also require far more time and effort for the Plaintiffs to litigate in federal court," as Plaintiffs allege. *See* Doc. 34-1, Motion to Remand, PageID#: 300 n.5. And while it is undoubtedly true that "[t]he state court judge assigned to this case is more than competent and capable to address any and all of the issues in this matter," it does not follow that "Plaintiffs' choice to have their home forum decide this matter is their protected privilege under the law . . .." *See* Doc. 34-1, Motion to Remand, PageID#: 300. Rather, and as explained above, the Federal Officer Removal statute provides that the *entire case* is removable where a claim against even a single defendant falls within that statute.

4

Defendants may now regret the strategic choice of naming federal officers in their Amended Complaint. But that was *their* choice—and now they must deal with the consequences of that strategic decision.

## CONCLUSION

For the foregoing reasons, if this Court does not promptly deny the motion for remand, it should first dismiss the claims against Defendants Jacobson and Kruse for lack of personal and/or subject matter jurisdiction. And it should reject Plaintiffs' attempt to remand all claims against non-federal officer defendants as being inconsistent with the Federal Officer Removal statute.

Respectfully Submitted,

*s/ Michael P. Abate*
Jon L. Fleischaker
Michael P. Abate
Andrea Aikin
KAPLAN JOHNSON ABATE & BIRD LLP
710 W. Main St., 4th Floor
Louisville, KY 40202
jfleischaker@kaplanjohnsonlaw.com
mabate@kaplanjohnsonlaw.com
aaikin@kaplanjohnsonlaw.com
(502) 540-8280

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2019, I filed the foregoing brief with the Court using the Court's CM/ECF document filing system. All counsel of record are registered ECF users. In addition, undersigned counsel served this motion by U.S. Mail on the following parties, for whom no counsel has yet appeared in this matter:

Matthew John Dowd
307 W. Monroe St.,
Austin, TX 78704-3023

Reza Aslan
1954 Pinehurst Rd.
Los Angeles, CA 90068-3730

Jeffrey Shaun King
214 Duffield St.
Brooklyn, NY 11201-5339

*s/ Michael P. Abate*
*Counsel for Defendants Jacobson and Kruse*