UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| JOHN DOES 1 THROUGH 10, | Case No. 2:19-CV-00117-WOB-CJS |
| Plaintiffs, | Judge William O. Bertelsman |
| v. | Magistrate Judge Candace J. Smith |
| DEBORAH HAALAND, et al. | **PLAINTIFFS' OMNIBUS REPLY BRIEF IN SUPPORT OF THEIR MOTION TO REMAND** |
| Defendants. | |

## I.    INTRODUCTION

Elizabeth Warren ("Warren") removed this entire action to this Court on August 28, 2019. On September 26, 2019, Plaintiffs filed a Motion to Remand to State Court citing three primary problems with the removal. Warren removed actions involving other Defendants which do not concern any issue of federal law, and for which this Court should decline pendent supplemental jurisdiction. Second, Warren removed her case and the case of another Defendant (who also happens to be an elected member of Congress) even though neither of them is sued in their official capacity. Third, Warren's removal would make precarious new precedent—any individual could evade state jurisdiction for any suit at any time merely because they happen to be elected to Congress.

On October 17, 2019, Defendants Warren, Jeffery, Edelen, Jacobson and Kruse filed briefs in Opposition to Remand. Warren's motion argues in essence that the federal removal statute is essentially a license to lie and libel with impunity because she made it from an "official" Twitter account and is therefore not beholding to any state court. The remainder of the Defendants' motions essentially argue that this Court should exercise pendent or supplemental jurisdiction.

Neither Edelen, Jacobson or Kruse could have removed the case under diversity or federal question jurisdiction.

The Defendants' position distorts and disincentivizes judicial economy.  Each of the Plaintiffs could have brought a completely separate suit against each Defendant.  Each Defendant acknowledges that they could not remand but for the consolidation of their claims, effectively punishing Plaintiffs for economizing judicial resources by consolidating their separate claims. Plaintiffs should have a right to choose the forum, and Edelen, Jacobson and Kruse do not have the same specious federal argument that Warren and Jeffery are raising.  Pendent or supplemental jurisdiction should be denied.

## II.    FACTUAL BACKGROUND

Plaintiffs filed their lawsuit on August 2, 2019. On August 14, 2019 Plaintiffs filed an Amended Complaint (the "Amended Complaint"), alleging causes of action for defamation *per se* against all Defendants.  (Amended Complaint, attached as "Exhibit 1" and incorporated herein by reference.)   Plaintiffs are all minors attending the Covington Catholic School in Kentucky. (Amended Complaint, ¶¶ 1-2.)

Plaintiffs' defamation claims against Warren arise from Warren's statements on her Twitter account that, "Omaha elder and Vietnam War veteran Nathan Phillips endured hateful taunts with dignity and strength, then urged us all to do better.  Listen to his words," followed by a link to a Splinter News post covering the incident.  Warren did not witness the interaction between Plaintiffs and Nathan Phillips, and Plaintiffs allege that Warren's statements were false and omitted the true facts of that interaction.

Warren's statement that Phillips "endured taunts" is false.  The Covington Catholic High School students did not taunt Phillips.  For example, Nicholas Sandmann, the 16-year-old student

wearing a "Make America Great Again" red baseball cap whom Phillips approached while banging a drum, didn't say anything to Phillips.  Sandmann merely smiled as Phillips confronted him and banged a drum inches away from Sandmann's face.

Another demonstrably false part of Warren's tweet that omitted the true facts of the interaction was her description of Phillips as a "Vietnam War veteran."  Phillips, who once described himself to Vogue Magazine as a "recon ranger," in reality served in the U.S. Marines Corps Reserve from 1972-1976, primarily as a refrigerator technician. Phillips never saw combat in Vietnam, and was never deployed overseas. Phillips left the service with the rank of private after disciplinary issues, including three instances of being AWOL, or absent without official leave.

Warren's false tweet damaged Plaintiffs' reputation in the form of death threats, hate mail, threatening phone calls and emails and other personal attacks on them each individually. Warren's tweet amplified and legitimized media coverage that gave a wildly inaccurate and harmful picture of what occurred, which hurts the future prospects of Covington students, including for college admissions and future employment.

The other Defendants also harmed the Plaintiffs with defamatory statements, and Plaintiffs have state law claims against all Defendants.

Plaintiffs seek damages not less than $15,000 but not more than $50,000 against each Defendant, which sum represents their estimation of the cost of a four-year tuition at the University of Kentucky.  (Amended Complaint, pg. 3 and ¶ 91.)

## III.   ARGUMENT

The substantive argument for the necessity of remand is laid out Plaintiffs' motion filed on September 26, 2019 (herein incorporated by reference).  Plaintiffs' argument continues to be that removal is improper under 1442(a)(1) as Warren and Jeffery did nothing in their response briefs

to satisfy the elements of that provision, particularly because their acts were not under the color of their office, nor were they sued in her official capacity.  Further, regardless of the Court's ruling on that matter concerning Warren's removal, the remaining Defendants should be remanded to the *Kenton County Action* in the interest of justice simply because their arguments are a thinly veiled attempt to remain in a court solely on the coattails of Warren and Jeffery's federal claim—a defense they do not have.

> A.     **Removal Was Inappropriate**

All sides agree that a United States officer seeking to remove a case based on 28 U.S.C. § 1442(a) **must show** that the conduct alleged in the underlying state action was "under color of office."  Specifically, removal under the statute is not permitted unless the party seeking removal demonstrates a "nexus" or "'causal connection' between the charged conduct and the asserted official authority".  (*Jefferson County, Ala. V. Acker*, 527 U.S. 423, 431 (1999) ("*Jefferson County*"), citing *Willingham v. Morgan*, 395 U.S. 402, 409 (1969).)  As such, it must appear that the action or proceeding arises from acts done under color of federal authority and in enforcement of federal law, to be removable.  (*Maryland v. Soper* (No. 1), 270 U.S. 9, 22 (1926).)

Warren essentially argues that because other courts have recognized that social media such as Facebook and Twitter exist, and can be used to speak in the "modern public square", that any such communication automatically satisfies the requisite nexus between the charged conduct and the asserted official capacity.  The authority does not so hold.  In fact, that suggestion is a chilling overreach that if upheld would create a precedent wherein there is essentially no communication by an elected official that could exist outside of their official capacity.  There is no law that gives Warren and Jeffery complete immunity from tort related suits.

Further, Warren has completely misstated both the authority and the Plaintiffs' argument.

Plaintiff does not believe that the Senator "must reference her official title in every communication in order to act under the color of office." (Dkt. No. 56, P. 7). The real question that neither Warren nor Jeffery addresses is if you are a Senator or Congresswoman, are you free to libel or slander anyone for any accusation, and then hide behind your title? There is absolutely nothing that these two politicians said about these minors that have anything to do with legislation, enforcement of federal law, current bills before the House of Senate, etc.

A politician cannot unilaterally declare their actions "an act of their official duty" and thereby automatically immunize themselves from state courts and tortious conduct. Their arguments fail to establish the requisite nexus and causal connection between "the charged conduct and the asserted official authority", that is required to remove an action pursuant to 28 U.S.C. § 1442(a). (*Jefferson County, supra*, 527 U.S. at 431; *Willingham v. Morgan*, 395 U.S. 402, 409 (1969); *Maryland v. Soper* (No. 1), 270 U.S. 9, 22 (1926).)

It cannot be overstated that Warren and Jeffery's comments that is the basis of Plaintiffs' claims were not published during a legislative session, nor during deliberations between members of Congress during the legislative process. It was not published regarding their constituents or in an action that occurred in their respective states. Warren just lied about children waiting on a bus to take them home. Neither politician can satisfy the required nexus between their duty as an elected official and communicating with their constituents, as the tweet was directed at a group of minors they had never met, in a district they do not represent, and about a situation they did not witness. (Amended Complaint, ¶¶ 29 and 55). While the situation that occurred on the steps of the Lincoln Memorial was widely publicized, that was in no small part to their own false commentary regarding events they knew nothing about, but yet somehow felt the need to harm kids. Most importantly, both Warren and Jeffery seriously harmed these minor Plaintiffs.

5

Getting elected to Congress is not a license to lie and libel about kids waiting on a bus, and the privileges of being a politician do not make them immune from the jurisdiction of courts for their personal torts.  Indeed, no politician should be allowed to have blanket immunity to libel and slander another person.

Remand is mandated because there is no way any reasonable person could construe Warren and Jeffery's comments to be about their official capacity.

### B.   Defendants Jeffery, Edelen, Jacobson and Kruse, as Well as the Remaining Defendants Have No Claim of Federal Immunity

This Court has the discretion to remand the other Defendants to state court, especially since they do not have the same defense advanced by the two out of state politicians.

In this action, all ten Plaintiffs are minors, and reside in Kenton County, Kentucky, and all Defendants for purposes of this suit reside in New Mexico, Florida, Massachusetts, New York, California, Texas, New Jersey, Maryland and Kentucky.  (Amended Complaint, ¶¶ 1-2.)  Of equal importance, no Plaintiff has a claim against any Defendant for more than $75,000.  (Amended Complaint, pg. 3 and ¶ 91.)  Thus, not only would this Court lack diversity jurisdiction (because at least one Plaintiff and one Defendant reside in Kentucky), but the amount in controversy between any Plaintiff and Defendant fails to exceed $75,000.  (28 U.S.C. § 1332(a).)

If this Court allows Warren's removal of this entire action, the consequence will be that no less than twenty parties (ten Plaintiffs and ten Defendants other than Warren and Haaland) will be forced to litigate their state-based claims in a forum Plaintiffs did not choose.  This would be a result that not only flies in the face of judicial economy, but is not supported by the relevant authority or public policy principles of federalism.  The court in the *Kenton County Action* is not only perfectly suited to resolve the state tort claims raised in this action, but is the only court with the requisite jurisdiction and proper venue.  At a minimum, the ten Defendants in this action, other

6

than Warren and Haaland, should be remanded to the *Kenton County Action*.

## IV.  CONCLUSION

For the forgoing reasons, this entire case should be remanded to state court.  No reasonable person could believe these comments by the politicians could be related to their job in any way. These minor children were waiting on a bus.  They did not deserve these vile and hateful comments made by two-bit politicians.

The decision regarding the remaining Defendants is an easy one.  Plaintiffs' choice of state court should be respected, given that these Defendants do not have the federal defense, nor do they qualify under diversity jurisdiction.

Wherefore, Plaintiffs respectfully request that their Motion to Remand be sustained, and an award of attorneys' fees should issue.

Respectfully submitted,

*/s/ Kevin L. Murphy*
Kevin L. Murphy (KBA 50646)
Murphy Landen Jones PLLC
2400 Chamber Center Drive, Suite 200
Fort Mitchell, KY 41017-0534
Telephone: (859) 578-3060
Fax: (859) 258-3061
kmurphy@mljfirm.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

/s/ Kevin L. Murphy
Kevin L. Murphy