**EXHIBIT**

1

1   Robert E. Barnes, pro hoc pending
    Barnes Law
2   601 South Figueroa Street, Suite 4050
    Los Angeles, CA. 90017
3   213.330.3341
    robertbarnes@barneslawllp.com
4
    Kevin L. Murphy
5   Murphy Landen Jones PLLC
    2400 Chamber Center Drive, Suite 200
6   Ft. Mitchell, KY 41017
    1059.5710.3060
7   KMurphy@mljfirm.com

FILED
KENTON CIRCUIT/DISTRICT COURT

AUG 14 2019

JOHN C. MIDDLETON
BY _____ D.C.

10                    KENTON COUNTY CIRCUIT COURT

9

10   JOHN DOES 1 THROUGH 10,                    Case No.: 19-CI-01351

11              Plaintiffs,

11   vs.                                        PLAINTIFFS' AMENDED COMPLAINT
                                                WITH JURY DEMAND
12   DEBORAH HAALAND, ANA VIOLETA NAVARRO
13   FLORES, ELIZABETH WARREN, MAGGIE
     HABERMAN, KATHY GRIFFIN, MATTHEW JOHN
14   DOWD, REZA ASLAN, KEVIN M. KRUSE, JEFFREY
     SHAUN KING, ADAM EDELEN, CLARA JEFFERY,
15   AND JODI JACOBSON,

16              Defendants.

17                            **INTRODUCTION**

110  A field trip to our nation's capital for a group of minors from Covington, Kentucky turned into a social media

19   nightmare that changed their futures forever. Several of our Senators, most-famous celebrities, and widely read

20   journalists, collectively used their large social media platforms, perceived higher credibility and public followings to

21   lie and libel minors they never met, based on an event they never witnessed. These defendants called for the kids to

22   be named and shamed, doxxed and expelled, and invited public retaliation against these minors from a small town in

23   Kentucky. The defendants circulated false statements about them to millions of people around the world. The

24   defendants were each individually offered the opportunity to correct, delete, and/or apologize for their false

25   statements, but each refused, continuing to circulate the false statements about these children to this very day on

26   their social media platforms they personally control. This suit follows.

27

210

     PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 1

**NOW COMES** John Doe 1 through 10, identified by photograph and video as the "Covington Boys" to those who know them, and known individually by their friends and acquaintances as the subject of the defamatory statements complained of herein within this Complaint, bring this suit, by and through their parent and legal guardian, against U.S. Senator Elizabeth Warren, U.S. Congresswoman Deb Haaland, New York Times lead political reporter Maggie Haberman, media figure and celebrity Kathy Griffin, ABC analyst Matthew Dowd, former CNN analyst Reza Aslan, Adam Edelen, Professor Kevin M. Kruse, media analyst Shaun King, Mother Jones editor Clara Jeffery and media reporter Jodi Jacobson. The plaintiffs repeatedly offered each defendant publicly the opportunity to retract, correct, or delete their offending and defamatory statements, but each refused, continuing to share their defamatory comments with the public to this very day. No individual plaintiff seeks damages from any defendant in excess of the cost of a four-year tuition at the University of Kentucky. Plaintiffs file this Complaint for neither fame nor fortune; they bring this suit to protect future families from experiencing the nightmare the defendants caused these kids to experience.

## PARTIES

1. **JOHN DOE 1-10**, are all minors, who bring this action through their parents, who at all times pertinent, reside in Kenton County, Kentucky, in and around the area of Covington, Kentucky.

2. **JOHN DOE 1-10** are students who, at all times pertinent, attend Covington Catholic High School in Park Hills, Kentucky.

3. **DEB HAALAND**, at all times pertinent, is a natural person of the age of majority, residing in New Mexico.

4. **ANNA NAVARRO**, at all times pertinent, is a natural person of the age of majority, residing in Florida.

5. **ELIZABETH WARREN**, at all times pertinent, is a natural person of the age of majority, residing in Massachusetts.

6. **MAGGIE HABERMAN**, at all times pertinent, is a natural person of the age of majority, residing in New York City.

7. **KATHY GRIFFIN**, at all times pertinent, is a natural person of the age of majority, residing in California.

8. **MATTHEW DOWD**, at all times pertinent, is a natural person of the age of majority, residing in Texas.

9. **REZA ASLAN**, at all times pertinent, is a natural person of the age of majority, residing in California.

10. **KEVIN M. KRUSE**, at all times pertinent, is a natural person of the age of majority, residing in New Jersey.

11. **SHAUN KING**, at all times pertinent, is a natural person of the age of majority, residing in New York.

12. **ADAM EDELEN**, at all times pertinent, is a natural person of the age of majority, residing in Kentucky.

13. **CLARA JEFFERY,** at all times pertinent, is a natural person of the age of majority, residing in California.

14. **JODI JACOBSON**, at all times pertinent, is a natural person of the age of majority, residing in Maryland.

**FACTS**

15. On Friday January 18, 2019, each of the John Does was part of a group of Covington Catholic High School students who traveled by bus from Park Hills, Kentucky to Washington D.C. to attend the March for Life. None was a public figure or publicly known to much of the world prior to this trip. After attending the March for Life, the Plaintiffs were permitted to visit certain sites on their own for a limited period of time.

16. The chaperones accompanying the Covington Catholic high school students informed the Plaintiffs to meet at a set hour to meet the buses to take them home to Kentucky. The site selected by the adults was the Lincoln Memorial. When the Covington Boys arrived at the Lincoln Memorial and encountered the Black Hebrew Israelites. Members of the Black Hebrew Israelites made offensive statements to the Covington Boys, including calling them "incest babies," "dirty-ass crackers," and "future school shooters." Some of the Covington Boys asked the chaperones if they could do their school cheers to drown out the Black Hebrew Israelites.

17. After the interaction with the Black Hebrew Israelites, Native American activist Nathan Phillips approached the Covington Boys. Phillips approached the Covington Boys from a distance and walked past clear pathways to the steps to the Lincoln Memorial. The Covington Boys did not move toward Phillips or otherwise actively approach or surround Phillips, block Phillips, taunt Phillips, or ever chant "build the wall" at Phillips. The Covington Boys did not interrupt or interfere with any Indigenous People's March.

18. Phillips beat on a drum and joined the students as they engaged in school cheers, including the sports cheer made famous by the New Zealand rugby team known as the Haka dance that celebrates the tribal traditions of the Maori tribe. Several of the students joined with Phillips, and some did so by mirroring the sports

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 3

chant of the Florida State Seminole and the Atlanta Braves, with their famous tomahawk chop. No one voiced any objection to this at the time. Soon after, the students left the Lincoln Memorial without incident or any apparent controversy beyond being harassed by the notorious Black Hebrew Israelites. What the Covington Boys did not know is what was happening to them on social media.

19. As they arrived home, the Covington Boys uncovered a social media lynch mob had formed, advanced by prominent politicians, journalists with big-pedigree publications, and social celebrities with large social media platforms and public followings. The defendants used the perception of their enhanced credibility to make statements about the Covington Boys without disclosing all the relevant facts, omitting critical exculpatory facts, and implying many false facts about them. The defendants called for public punishment of the Covington Boys, including doxing them, naming and shaming them publicly, that they be "punched in the face," and their expulsion from school. The target of the lynch mob was the Covington Boys, their reputation and their future. Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

20. An accurate video as to what occurred in the incident was available online on Jan. 19 and known to the defendants, when Shar Yaqataz Banyamyan, one of the Hebrew Israelites who was present for the encounter between Phillips and Nicholas, posted a 1 hour and 46-minute video on Facebook (the "Banyamyan Video"). The video made clear the statements made against the Covington Boys were false.

21. At 10:31 a.m. on Jan. 19, Congresswoman **DEB HAALAND** made the following Tweet of and concerning the Covington Boys: "This Veteran put his life on the line for our country. The Covington boys' blatant display of hate, disrespect, and intolerance is a signal of how common decency has decayed under this administration. Heartbreaking." See Exhibit A. Haaland omitted the true facts, and instead implied the

following facts were true in her statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to mock an elderly native American in the middle of an indigenous march. Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

22. At 10:58 a.m. on Jan. 19, CNN contributor **ANNA NAVARRO** tweeted of and concerning the Covington Boys: "Must Watch: Native-American elder taunted by racist MAGA-hat wearing teens, speaks and cries for America, the country he defended and sacrificed and wore the uniform for. It is people like Nathan Phillips who make America great. Thank you for your dignity, sir." See Exhibit B. Navarro omitted the true fact, and instead implied the following facts were true in her statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to mock an elderly native American in the middle of an indigenous march. Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

23. At 1:08 p.m. on Jan. 19, 2019, **SHAUN KING**, a writer-in-residence at Harvard Law School's Fair

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 5

Punishment Project, made the made the following Tweet of and concerning the Covington Boys: "I am so deeply grieved and angry by this as young kids in MAGA hats surrounded and mocked a beloved Native American elder yesterday. When your power is centered in your whiteness, mocking others who are unlike you makes you feel strong. But it's weak. And despicable." See Exhibit C. King omitted the true fact, and instead implied the following facts were true in his statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to mock an elderly native American in the middle of an indigenous march. Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

24.  At 1:14 p.m., **ADAM EDELEN**, a blue-checkmark-approved Twitter personality, retweeted an article with false factual statements about the Covington Boys, and validated the false factual claims of the article by referring to the kids as "outrageous and abhorrent behavior," that requires they "read a history book on how America's indigenous people have been treated," and that they "need to do some serious soul-searching." Edelen omitted the true facts, and instead implied the following facts were true in his statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to mock an elderly native American in the middle of an indigenous march. Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 6

calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

25. At 2:45 p.m. on Jan. 19, New York Times reporter **MAGGIE HABERMAN** made the following Tweet of and concerning the Covington Boys: "When adults stand by and say nothing..." in reference to a retweet that Haberman posted by Andrew Ujifusa that said, "In another video from this now-infamous incident involving a Native American Vietnam vet, a young person scoffs at the idea of stolen land..." See Exhibits D & E. Haberman omitted the true fact, and instead implied the following facts were true in his statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to mock an elderly native American in the middle of an indigenous march. Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

26. At 6:04 p.m., former CNN TV personality **REZA ASLAN** made the following Tweet of and concerning the Covington Boys with a picture of fellow Covington student at the Lincoln Memorial: "Honest question. Have you ever seen a more punchable face than this kid's?" See Exhibit F. Aslan omitted the true fact, and instead implied the following facts were true in his statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event,

surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to mock an elderly native American in the middle of an indigenous march. Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

27.   At 6:45 p.m. Congresswoman **DEB HAALAND** made the following Tweet of and concerning the Covington Boys: "A Native American War veteran was seen being harassed and mocked by a group of MAGA hat-wearing teens." See Exhibit G. Haaland omitted the true fact, and instead implied the following facts were true in her statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to mock an elderly native American in the middle of an indigenous march. Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

28.   At 7:08 p.m. on Jan. 19, 2019, New York Times reporter **MAGGIE HABERMAN** (@maggieNYT) tweeted: "There are dozens of students laughing and egging on the behavior. Will be interesting to see if anyone is actually expelled, as officials suggest is possible." See Exhibit H. Haberman omitted the true fact, and instead implied the following facts were true in her statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march,

stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to mock an elderly native American in the middle of an indigenous march. Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

29.    At 7:15 p.m., on Jan. 19, U.S. Senator **ELIZABETH WARREN** made the following Tweet of and concerning the Covington Boys: "Omaha elder and Vietnam War veteran Nathan Phillips endured hateful taunts with dignity and strength, then urged us all to do better." See Exhibit I. Warren omitted the true facts, and instead implied the following facts were true in her statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to mock an elderly native American in the middle of an indigenous march. Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

30.    At 2:05 a.m. on Jan. 20 comedienne **KATHY GRIFFIN** called for the doxing of the Covington Boys, which several people then acted upon, linking the Covington Boys to their photos and names, and widely circulated on social media:  "Ps. The reply from the school was pathetic and impotent. Name these kids. I

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 9

want NAMES. Shame them. If you think these fuckers wouldn't dox you in a heartbeat, think again." See Exhibit J. GRIFFIN then requested, five minutes later: "Names please. And stories from people who can identify them and vouch for their identity. Thank you." See Exhibit K. Griffin omitted the true facts, and instead implied the following facts were true in her statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to mock an elderly native American in the middle of an indigenous march. Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

31.  At 1:16 p.m. on Jan. 21, Chief Political Analyst for ABC News **MATTHEW DOWD** made the following Tweet of and concerning the Covington Boys: "Folks, let us not let these kids, their parents and their school off the hook. Regardless of what led up to this, this is awful." See Exhibit M. Dowd omitted the true facts, and instead implied the following facts were true in her statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to mock an elderly native American in the middle of an indigenous march. Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 10

the statements was interpreted by their friends, family and associates as about them personally.

32. At 1:27 p.m. on Jan. 21, **CLARA JEFFERY** the Editor-in-Chief of Mother Jones magazine, made the following Tweet of and concerning the Covington Boys: "The tapes that have emerged do show the BHI [Black Hebrew Israelites] doing their usual end-times ranting. But they also show the Covington Catholic kids: making cavemen gestures at BHI; tomahawk chanting at Natives; taunting random women; chants of "build the wall" and "it's not rape if you enjoy it." See Exhibit N. Jeffery omitted the true facts, and instead implied the following facts were true in her statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to a Native American elder to taunt him, while also falsely accusing the teens of taunting women with the chant "it's not rape if you enjoy it." Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

33. At 5:23 p.m. on Tuesday Jan. 22, 2019, **KEVIN M. KRUSE** Tweeted: "No, the accusation was that this kid and his friends mocked an elderly Native American war veteran and, hey, they did. They also taunted women and shouted "it's not rape if you enjoy it" but sure, they're the real victims. According to his PR firm anyway." See Exhibit O. Kruse omitted the true facts, and instead implied the following facts were true in his statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to a Native American elder to taunt him, while also falsely accusing the teens of taunting women with the chant "it's not rape if

you enjoy it." Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

34. On Jan. 22, 2019, **JODI JACOBSON**, the president and editor in chief of the website Rewire.News, authored an article published on Rewire.News titled "White-Washing White Supremacy: Media Rushes to Excuse Covington Catholic Students." A true and correct copy of said communication is attached hereto as Exhibit Q. **JACOBSON'S** article erroneously claimed Covington Boys wore blackface to caricature black students, harassed young women at the Memorial (claiming they chanted "it's not rape if you enjoy it"), and ridiculed the native American elder for the purposes of harassment.  Jacobson omitted the true facts, and instead implied the following facts were true in her statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to a Native American elder to taunt him, while also falsely accusing the teens of taunting women with the chant "it's not rape if you enjoy it." Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family, and associates as about them personally.

35. Each of the complained of statements herein by each of the defendants concerning the Covington Boys were known by friends and acquaintances of each of the John Doe plaintiffs to be in reference to and

concerning them individually. This is evident by the fact they were quickly subject to public ridicule, scorn, and criticism personally and individually, as well as threatening phone calls, hate mail to their homes, individual email addresses, and social media accounts, and personally threatened with everything from expulsion and denial of college admission to being put through a physical shredder and having their school burned with them in it.

36. Each of the defendants made these statements knowing they both omitted true facts and implied false facts, including the false factual claim the Covington Boys interrupted an indigenous people's march, stopped, blocked and surrounded a native American elder war veteran for the purposes of taunting, harassing, and mocking him with chants of build the wall, aggregating these lies into public denunciations, calls for public doxing, and public demands of school expulsion, to induce public contempt upon the plaintiffs.

37. Section 14 of the Kentucky Constitution has been interpreted by Kentucky courts to state that citizens must have a remedy with due process of law for any injury by resort to the courts.

38. Plaintiffs, all minors, have the right to live their lives in seclusion, without being subjected to unwarranted and undesired publicity, and have the right to be left alone.

39. Section 10 of the Kentucky Constitution further states "Freedom of speech and of the press…shall be free to every person who undertakes to examine the proceedings of the general assembly or any branch of government, and no law shall ever be made to restrain the right thereof.  Every person may freely speak, write and print any subject, being responsible for the abuse of that liberty."

**JOHN DOE 1 THROUGH 10 ARE MINORS & PRIVATE FIGURES**

40. **DOES 1-10**, at all times pertinent to this action, were minors.

41. **DOES 1-10** had no notoriety of any kind to their community at large at any time prior to this event.

42. **DOES 1-10** did not make public appearances for political reasons at any time prior to this event.

43. **DOES 1-10** have not inserted themselves into the forefront of any public issue at any time prior to this event.

44. Each of the statements made herein were identified by the friends, family, associates, and others as of and concerning each of the John Does individually. They were doxed and publicly identified by name after the request for that to occur by defendants above, identified by photo in video and photo images shared around

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 13

the world, and the context of the statements made them individually identified as the ones being spoken

about. They were publicly attacked, personally threatened, and subject to individual investigation based on

them being individually identified as the subject of the above offending statements of fact from the

defendants with large social media platforms and an audience who took the defendants' at their word due to

the defendants status as elected officials and prominent members of the press.

**FIRST CAUSE OF ACTION**
**(DEFAMATION)**

DOES 1-10 against **DEB HAALAND**

45. **DOES 1-10** reassert and incorporate by reference the other paragraphs of this Complaint as if fully restated

herein.

46. **HAALAND**, known on Twitter as @Deb4CongressNM, published to approximately 610,000 third parties,

without privilege "[a] Native American War veteran was seen being harassed and mocked by a group of

MAGA hat-wearing teens." A true and correct copy of said communication is attached hereto as Exhibit H.

Haaland omitted the true facts, and instead implied the following facts were true in her statements and the

links attached thereto with the gist of the false statements made about the plaintiffs was that the kids

interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran

from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a

native American elder, with chants of "build the wall" to mock an elderly native American in the middle of

an indigenous march. Each of the statements complained of herein was known by the friends, family and

associates of each John Doe to be about them individually. Indeed, they were individually identified as the

subject of the statements complained of herein that they received death threats, hate mail, threatening phone

calls, threatening emails, and other personal attacks on them each individually. They were known to be the

subject of the statements complained of herein as they were identified by photo image throughout the

world, and each of the statements was interpreted by their friends, family and associates as about them

personally.

47. **HAALAND**'s communication was false and defaming as none of **DOES 1-10** harassed or mocked anyone,

and particularly no Native American "War Veterans." This comment is deliberately directed against **DOES**

**1-10**, all minors, and communicated to at least 610,000 third parties without privilege, knowing **DOES 1-**

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 14

**10** were from Covington, Kentucky, with the intent to negatively influence the opinion of **DOES 1-10** in their school, their community, and the nation at large.

48. **HAALAND**'s false and defamatory communication injured DOES 1-10 as it disgraced and degraded the plaintiffs and held them up to public hatred, contempt, ridicule, and/or caused them to be shunned and avoided. In addition, **HAALAND'S** false and defamatory communication caused DOES 1-10 special economic harm, including the increased cost of protecting their privacy and security from the threats derived from the social media mob HAALAND helped lead, endangered their college admissions' prospects, and limited their economic prospects and future earning power as adults.

<div align="center">

**SECOND CAUSE OF ACTION**
**(INTRUSION UPON SECLUSION)**

DOES 1-10 against **DEB HAALAND**

</div>

49. **DOES 1-10** reassert and incorporate by reference the other paragraphs of this Complaint as if fully restated herein.

50. The Plaintiffs, all minors, had a right under Kentucky law to live their life in seclusion, without being subjected to unwanted and undesired publicity, and a right to be left alone.

51. Pursuant to the case law in this state, the Plaintiffs, all minors, had the right to be left alone, and not be subjected to scorn and the hateful comments made by Haaland.

52. As a result of Haaland's actions, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of this Court.

<div align="center">

**THIRD CAUSE OF ACTION**
**(NEGLIGENT INFLICATION OF EMOTIONAL DISTRESS)**

DOES 1-10 against **DEB HAALAND**

</div>

53. **DOES 1-10** reassert and incorporate by reference paragraphs the other paragraphs of this Complaint as if fully restated herein.

54. Defendant Haaland's actions caused the Plaintiffs emotional distress, including but not limited to anxiety, fear for their safety, and effected their educational activities.

55. As a result of Defendant Haaland's conduct, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of the Court.

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 15

**FOURTH CAUSE OF ACTION**
**(DEFAMATION)**

DOES 1-10 against **ANNA NAVARRO**

56. **DOES 1-10** reassert and incorporate by reference the other paragraphs of this Complaint as if fully restated herein.

57. **NAVARRO**, known on Twitter as @ananavarro, published to approximately 1.1 million third parties, without privilege, "Must Watch: Native-American elder taunted by racist MAGA-hat wearing teens, speaks and cries for America, the country he defended and sacrificed and wore the uniform for. It is people like Nathan Phillips who make America great. Thank you for your dignity, sir..." A true and correct copy of said communication is attached hereto as Exhibit B. Navarro omitted the true facts, and instead implied the following facts were true in her statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to mock an elderly native American in the middle of an indigenous march. Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

58. **NAVARRO**'s communication was false and defaming as she accuses **DOES 1-10**, of overt racism and taunting, not exhibited. This comment is deliberately directed against **DOES 1-10**, all minors, and communicated to at least 1.1 million third parties without privilege, knowing **DOES 1-10** were from Covington, Kentucky, with the intent to negatively influence the opinion of **DOES 1-10** in their school, their community, and the nation at large.

59. **NAVARRO**'s false and defamatory communication injured DOES 1-10 as it disgraced and degraded the plaintiffs and held them up to public hatred, contempt, ridicule, and/or caused them to be shunned and

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 16

avoided. In addition, **NAVARRO'S** false and defamatory communication caused DOES 1-10 special economic harm, including the increased cost of protecting their privacy and security from the threats derived from the social media mob HAALAND helped lead, endangered their college admissions' prospects, and limited their economic prospects and future earning power as adults.

<div align="center">

**FIFTH CAUSE OF ACTION**
**(INTRUSION UPON SECLUSION)**

DOES 1-10 against **ANNA NAVARRO**

</div>

60. **DOES 1-10** reassert and incorporate by reference the other paragraphs of this Complaint as if fully restated herein.

61. The Plaintiffs, all minors, had a right under Kentucky law to live their life in seclusion, without being subjected to unwanted and undesired publicity, and a right to be left alone.

62. Pursuant to the case law in this state, the Plaintiffs, all minors, had the right to be left alone, and not be subjected to scorn and the hateful comments made by Navarro.

63. As a result of Navarro's actions, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of this Court.

<div align="center">

**SIXTH CAUSE OF ACTION**
**(NEGLIGENT INFLICATION OF EMOTIONAL DISTRESS)**

DOES 1-10 against **ANNA NAVARRO**

</div>

64. **DOES 1-10** reassert and incorporate by reference paragraphs the other paragraphs of this Complaint as if fully restated herein.

65. Defendant Navarro's actions caused the Plaintiffs emotional distress, including but not limited to anxiety, fear for their safety, and effected their educational activities.

66. As a result of Defendant Navarro's conduct, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of the Court.

<div align="center">

**SEVENTH CAUSE OF ACTION**
**(DEFAMATION)**

DOES 1-10 against **KATHY GRIFFIN**

</div>

67. **DOES 1-10** reassert and incorporate by reference paragraphs the other paragraphs of this Complaint as if fully restated herein.

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 17

68. **GRIFFIN**, known on Twitter as @kathygriffin, published to approximately 2.1 million third parties, without privilege "Ps. The reply from the school was pathetic and impotent. Name these kids. I want NAMES. Shame them. If you think these fuckers wouldn't dox you in a heartbeat, think again." Griffin then followed up with, "Names please. And stories from people who can identify them and vouch for their identity. Thank you." See Exhibit L. A true and correct copy of said communication is attached hereto as Exhibits L and K. Griffin omitted the true facts, and instead implied the following facts were true in her statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to a Native American elder to taunt him. Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally. Griffin's call to dox the plaintiffs succeeded, as their names were identified to the broader public in a range of social media platforms, and they subsequently received a range of threats.

69. **GRIFFIN**'s communication was intentionally defaming as she openly calls for shame of **DOES 1-10**. This comment is deliberately directed against **DOES 1-10**, all minors, and communicated to at least 2.1 million third parties without privilege, knowing **DOES 1-10** were from Covington, Kentucky, with the intent to negatively influence the opinion of **DOES 1-10** in their school, their community, and the nation at large.

70. **GRIFFIN**'s defamatory communication injured **DOES 1-10** as it disgraced and degraded the plaintiffs and held them up to public hatred, contempt, ridicule, and/or caused them to be shunned and avoided. In addition, **GRIFFIN'S** false and defamatory communication caused DOES 1-10 special economic harm, including the increased cost of protecting their privacy and security from the threats derived from the social

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 18

media mob GRIFFIN proudly lead, endangered their college admissions' prospects, and limited their economic prospects and future earning power as adults.

**EIGHTH CAUSE OF ACTION**
**(INTRUSION UPON SECLUSION)**

DOES 1-10 against **KATHY GRIFFIN**

71. **DOES 1-10** reassert and incorporate by reference the other paragraphs of this Complaint as if fully restated herein.

72. The Plaintiffs, all minors, had a right under Kentucky law to live their life in seclusion, without being subjected to unwanted and undesired publicity, and a right to be left alone.

73. Pursuant to the case law in this state, the Plaintiffs, all minors, had the right to be left alone, and not be subjected to scorn and the hateful comments made by Griffin.

74. As a result of Griffin's actions, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of this Court.

**NINTH CAUSE OF ACTION**
**(NEGLIGENT INFLICATION OF EMOTIONAL DISTRESS)**

DOES 1-10 against **KATHY GRIFFIN**

75. **DOES 1-10** reassert and incorporate by reference paragraphs the other paragraphs of this Complaint as if fully restated herein.

76. Defendant Griffin's actions caused the Plaintiffs emotional distress, including but not limited to anxiety, fear for their safety, and effected their educational activities.

77. As a result of Defendant Griffin's conduct, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of the Court.

**TENTH CAUSE OF ACTION**
**(HARASSMENT)**

DOES 1-10 against **KATHY GRIFFIN**

78. **DOES 1-10** reassert and incorporate by reference paragraphs the other paragraphs of this Complaint as if fully restated herein.

79. **GRIFFIN'S** actions were done with the intent to intimidate, harass, annoy, and alarm the Plaintiffs, subjecting them to the potential of physical harm.

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 19

80. **GRIFFIN'S** actions were a public course utterance, using abusive language towards the Plaintiffs.

81. **GRIFFIN'S** actions were conduct which alarmed and/or seriously annoyed the Plaintiffs, and served no legitimate purpose.

82. Pursuant to KRS 446.070, Plaintiffs are entitled to damages in an amount to be proven at trial.

## ELEVENTH CAUSE OF ACTION
### (DEFAMATION)

### DOES 1-10 against **ELIZABETH WARREN**

83. **DOES 1-10** reasserts and incorporates by reference the other paragraphs of this Complaint as if fully restated herein.

84. **WARREN**, known on Twitter as @ewarren, published to approximately 2.3 million third parties, without privilege "Omaha elder and Vietnam War veteran Nathan Phillips endured hateful taunts with dignity and strength, then urged us all to do better." A true and correct copy of said communication is attached hereto as Exhibit J. Warren omitted the true facts, and instead implied the following facts were true in her statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to a Native American elder to taunt him. Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

85. **WARREN's** communication was false and defaming as she accuses **DOES 1-10**, of overt taunting, not exhibited. This comment is deliberately directed against **DOES 1-10**, all minors, and communicated to [how many] third parties without privilege, knowing **DOES 1-10** were from Covington, Kentucky, with the

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 20

intent to negatively influence the opinion of **DOES 1-10** in their school, their community, and the nation at large.

86. **WARREN**'s communication injured DOES 1-10 as it disgraced and degraded the plaintiffs and held them up to public hatred, contempt, ridicule, and/or caused them to be shunned and avoided. In addition, **WARREN'S** false and defamatory communication caused DOES 1-10 special economic harm, including the increased cost of protecting their privacy and security from the threats derived from the social media mob WARREN helped lead, endangered their college admissions' prospects, and limited their economic prospects and future earning power as adults.

<center>

**TWELVTH CAUSE OF ACTION**
**(INTRUSION UPON SECLUSION)**

DOES 1-10 against **ELIZABETH WARREN**

</center>

87. **DOES 1-10** reassert and incorporate by reference the other paragraphs of this Complaint as if fully restated herein.

88. The Plaintiffs, all minors, had a right under Kentucky law to live their life in seclusion, without being subjected to unwanted and undesired publicity, and a right to be left alone.

89. Pursuant to the case law in this state, the Plaintiffs, all minors, had the right to be left alone, and not be subjected to scorn and the hateful comments made by Warren.

90. As a result of Warren's actions, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of this Court.

<center>

**THIRTEENTH CAUSE OF ACTION**
**(NEGLIGENT INFLICATION OF EMOTIONAL DISTRESS)**

DOES 1-10 against **ELIZABETH WARREN**

</center>

91. **DOES 1-10** reassert and incorporate by reference paragraphs the other paragraphs of this Complaint as if fully restated herein.

92. Defendant Warren's actions caused the Plaintiffs emotional distress, including but not limited to anxiety, fear for their safety, and effected their educational activities.

93. As a result of Defendant Warren's conduct, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of the Court.

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 21

## FOURTEENTH CAUSE OF ACTION
## (DEFAMATION)

### DOES 1-10 against **MAGGIE HABERMAN**

94. **DOES 1-10** reassert and incorporate by reference the other paragraphs of this Complaint as if fully restated herein.

95. **HABERMAN**, known on Twitter as @maggieNYT, published to approximately 1.010 million third parties, without privilege "When adults stand by and say nothing..." A true and correct copy of said communication is attached hereto as Exhibit D. Haberman also published to some 1.010 million third parties, without privilege, "There are dozens of students laughing and egging on the behavior. Will be interesting to see if anyone is actually expelled, as officials suggest is possible." A true and correct copy of said communication is attached hereto as Exhibit I. Haberman omitted the true facts, and instead implied the following facts were true in her statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to a Native American elder to taunt him. Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

96. **HABERMAN**'s communication was false and defaming as she accuses **DOES 1-10**, of egging on behavior worthy of expulsion from school, not exhibited. This comment is deliberately directed against **DOES 1-10**, all minors, and communicated to [how many] third parties without privilege, knowing **DOES 1-10** were from Covington, Kentucky, with the intent to negatively influence the opinion of **DOES 1-10** in their school, their community, and the nation at large.

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 22

97. **HABERMAN**'s communication injured DOES 1-10 as it disgraced and degraded the plaintiffs and held them up to public hatred, contempt, ridicule, and/or caused them to be shunned and avoided. In addition, **HABERMAN'S** false and defamatory communication caused DOES 1-10 special economic harm, including the increased cost of protecting their privacy and security from the threats derived from the social media mob HABERMAN helped lead, endangered their college admissions' prospects, and limited their economic prospects and future earning power as adults.

### FIFTEENTH CAUSE OF ACTION
### (INTRUSION UPON SECLUSION)

DOES 1-10 against **MAGGIE HABERMAN**

98. **DOES 1-10** reassert and incorporate by reference the other paragraphs of this Complaint as if fully restated herein.

99. The Plaintiffs, all minors, had a right under Kentucky law to live their life in seclusion, without being subjected to unwanted and undesired publicity, and a right to be left alone.

100. Pursuant to the case law in this state, the Plaintiffs, all minors, had the right to be left alone, and not be subjected to scorn and the hateful comments made by Haberman.

101. As a result of Haberman's actions, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of this Court.

### SIXTEENTH CAUSE OF ACTION
### (NEGLIGENT INFLICATION OF EMOTIONAL DISTRESS)

DOES 1-10 against **MAGGIE HABERMAN**

102. **DOES 1-10** reassert and incorporate by reference paragraphs the other paragraphs of this Complaint as if fully restated herein.

103. Defendant Haberman's actions caused the Plaintiffs emotional distress, including but not limited to anxiety, fear for their safety, and effected their educational activities.

104. As a result of Defendant Haberman's conduct, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of the Court.

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 23

## SEVENTEENTH CAUSE OF ACTION
### (DEFAMATION)

DOES 1-10 against **MATTHEW DOWD**

105. **DOES 1-10** reassert and incorporate by reference the other paragraphs of this Complaint as if fully restated herein.

106. **DOWD**, known on Twitter as @matthewjdowd, published to approximately 137,000 third parties, without privilege "Folks, let us not let these kids, their parents and their school off the hook. Regardless of what led up to this, this is awful." A true and correct copy of said communication is attached hereto as Exhibit N. Dowd omitted the true facts, and instead implied the following facts were true in his statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to a Native American elder to taunt him. Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

107. **DOWD**'s communication was false and defaming as she accuses **DOES 1-10**, of awful behavior, not exhibited. This comment is deliberately directed against **DOES 1-10**, all minors, and communicated to 137,000 third parties without privilege, knowing **DOES 1-10** were from Covington, Kentucky, with the intent to negatively influence the opinion of **DOES 1-10** in their school, their community, and the nation at large.

108. **DOWD**'s communication injured DOES 1-10 as it disgraced and degraded the plaintiffs and held them up to public hatred, contempt, ridicule, and/or caused them to be shunned and avoided. In addition, **DOWD'S** false and defamatory communication caused DOES 1-10 special economic harm, including the increased cost of protecting their privacy and security from the threats derived from the social media mob DOWD

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 24

helped lead, endangered their college admissions' prospects, and limited their economic prospects and future earning power as adults.

**EIGHTEENTH CAUSE OF ACTION**
**(INTRUSION UPON SECLUSION)**

DOES 1-10 against **MATTHEW DOWD**

109. **DOES 1-10** reassert and incorporate by reference the other paragraphs of this Complaint as if fully restated herein.

110. The Plaintiffs, all minors, had a right under Kentucky law to live their life in seclusion, without being subjected to unwanted and undesired publicity, and a right to be left alone.

111. Pursuant to the case law in this state, the Plaintiffs, all minors, had the right to be left alone, and not be subjected to scorn and the hateful comments made by Dowd.

112. As a result of Dowd's actions, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of this Court.

**NINETEENTH CAUSE OF ACTION**
**(NEGLIGENT INFLICATION OF EMOTIONAL DISTRESS)**

DOES 1-10 against **MATTHEW DOWD**

113. **DOES 1-10** reassert and incorporate by reference paragraphs the other paragraphs of this Complaint as if fully restated herein.

114. Defendant Dowd's actions caused the Plaintiffs emotional distress, including but not limited to anxiety, fear for their safety, and effected their educational activities.

115. As a result of Defendant Dowd's conduct, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of the Court.

**TWENTIETH CAUSE OF ACTION**
**(DEFAMATION)**

DOES 1-10 against **REZA ASLAN**

116. **DOES 1-10** reasserts and incorporates by reference the other paragraphs of this Complaint as if fully restated herein.

117. **ASLAN**, known on Twitter as @rezaaslan, published to approximately 2109,000 third parties, without privilege "Honest question. Have you ever seen a more punchable face than this kid's?" A true and correct

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 25

copy of said communication is attached hereto as Exhibit G. Aslan omitted the true facts, and instead implied the following facts were true in his statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to a Native American elder to taunt him. Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

118. **ASLAN**'s communication was false and defaming as he accuses **DOES 1-10**, of behavior deserving of being punched in the face, not exhibited. This comment is deliberately directed against **DOES 1-10**, all minors, and communicated to hundreds of thousands of third parties without privilege, knowing **DOES 1-10** were from Covington, Kentucky, with the intent to negatively influence the opinion of **DOES 1-10** in their school, their community, and the nation at large.

119. **ASLAN**'s communication injured DOES 1-10 as it disgraced and degraded the plaintiffs and held them up to public hatred, contempt, ridicule, and/or caused them to be shunned and avoided. In addition, **ASLAN'S** false and defamatory communication caused DOES 1-10 special economic harm, including the increased cost of protecting their privacy and security from the threats derived from the social media mob ASLAN helped lead, endangered their college admissions' prospects, and limited their economic prospects and future earning power as adults.

### TWENTY-FIRST CAUSE OF ACTION
### (INTRUSION UPON SECLUSION)

DOES 1-10 against **REZA ASLAN**

120. **DOES 1-10** reassert and incorporate by reference the other paragraphs of this Complaint as if fully restated herein.

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 26

121. The Plaintiffs, all minors, had a right under Kentucky law to live their life in seclusion, without being subjected to unwanted and undesired publicity, and a right to be left alone.

122. Pursuant to the case law in this state, the Plaintiffs, all minors, had the right to be left alone, and not be subjected to scorn and the hateful comments made by Aslan.

123. As a result of Aslan's actions, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of this Court.

**TWENTY-SECOND CAUSE OF ACTION**
**(NEGLIGENT INFLICATION OF EMOTIONAL DISTRESS)**

DOES 1-10 against **REZA ASLAN**

124. **DOES 1-10** reassert and incorporate by reference paragraphs the other paragraphs of this Complaint as if fully restated herein.

125. Defendant Aslan's actions caused the Plaintiffs emotional distress, including but not limited to anxiety, fear for their safety, and effected their educational activities.

126. As a result of Defendant Aslan's conduct, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of the Court.

**TWENTY-THIRD CAUSE OF ACTION**
**(DEFAMATION)**

DOES 1-10 against **ADAM EDELEN**

127. **DOES 1-10** reasserts and incorporates by reference the other paragraphs of this Complaint as if fully restated herein.

128. **ADAM EDELEN**, a blue-checkmark-approved Twitter personality, retweeted an article with false factual statements about the Covington Boys, and validated the false factual claims of the article by referring to the kids as "outrageous and abhorrent behavior," that requires they "read a history book on how America's indigenous people have been treated," and that they "need to do some serious soul-searching." Edelen omitted the true facts, and instead implied the following facts were true in his statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native

American elder, with chants of "build the wall" to mock an elderly native American in the middle of an indigenous march. Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

129. **EDELEN**'s communication was false and defaming as he accuses **DOES 1-10**, of engaging in outrageous conduct of threatening a native American elder. This comment is deliberately directed against **DOES 1-10**, all minors, and communicated to hundreds of thousands of third parties without privilege, knowing **DOES 1-10** were from Covington, Kentucky, with the intent to negatively influence the opinion of **DOES 1-10** in their school, their community, and the nation at large. In addition, **EDELENS** false and defamatory communication caused DOES 1-10 special economic harm, including the increased cost of protecting their privacy and security from the threats derived from the social media mob EDELEN helped lead locally, endangered their college admissions' prospects, and limited their economic prospects and future earning power as adults.

### TWENTY-FOURTH CAUSE OF ACTION
### (INTRUSION UPON SECLUSION)

DOES 1-10 against **ADAM EDELEN**

130. **DOES 1-10** reassert and incorporate by reference the other paragraphs of this Complaint as if fully restated herein.

131. The Plaintiffs, all minors, had a right under Kentucky law to live their life in seclusion, without being subjected to unwanted and undesired publicity, and a right to be left alone.

132. Pursuant to the case law in this state, the Plaintiffs, all minors, had the right to be left alone, and not be subjected to scorn and the hateful comments made by Edelen.

133. As a result of Edelen's actions, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of this Court.

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 28

**TWENTY-FIFTH CAUSE OF ACTION**
**(NEGLIGENT INFLICATION OF EMOTIONAL DISTRESS)**

DOES 1-10 against **ADAM EDELEN**

134. **DOES 1-10** reassert and incorporate by reference paragraphs the other paragraphs of this Complaint as if fully restated herein.

135. Defendant Edelen's actions caused the Plaintiffs emotional distress, including but not limited to anxiety, fear for their safety, and effected their educational activities.

136. As a result of Defendant Edelen's conduct, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of the Court.

**TWENTY-SIXTH CAUSE OF ACTION**
**(DEFAMATION)**

DOES 1-10 against **KEVIN M. KRUSE**

137. **DOES 1-10** reasserts and incorporates by reference the other paragraphs of this Complaint as if fully restated herein.

138. **KRUSE**, known on Twitter as @KevinMKruse, published to approximately 2104,000 third parties, without privilege "No, the accusation was that this kid and his friends mocked an elderly Native American war veteran and, hey, they did. They also taunted women and shouted "it's not rape if you enjoy it" but sure, they're the real victims. According to his PR firm anyway." A true and correct copy of said communication is attached hereto as Exhibit P. Kruse omitted the true facts, and instead implied the following facts were true in his statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to mock an elderly native American in the middle of an indigenous march, and falsely accused the plaintiffs of threatening women with chants of "it's not rape if you enjoy it." Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 29

individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

139. **KRUSE**'s communication was false and defaming as he accuses **DOES 1-10**, of mocking a war veteran, taunting women and making a statement about rape – none of which were exhibited. This comment is deliberately directed against **DOES 1-10**, all minors, and communicated to [2104,000] third parties without privilege, knowing **DOES 1-10** were from Covington, Kentucky, with the intent to negatively influence the opinion of **DOES 1-10** in their school, their community, and the nation at large.

140. **KRUSE**'s communication injured DOES 1-10 as it disgraced and degraded the plaintiffs and held them up to public hatred, contempt, ridicule, and/or caused them to be shunned and avoided. In addition, **HAALAND'S** false and defamatory communication caused DOES 1-10 special economic harm, including the increased cost of protecting their privacy and security from the threats derived from the social media mob HAALAND helped lead, endangered their college admissions' prospects, and limited their economic prospects and future earning power as adults.

<div align="center">

**TWENTY-SEVENTH CAUSE OF ACTION**
**(INTRUSION UPON SECLUSION)**

DOES 1-10 against **KEVIN M. KRUSE**

</div>

141. **DOES 1-10** reassert and incorporate by reference the other paragraphs of this Complaint as if fully restated herein.

142. The Plaintiffs, all minors, had a right under Kentucky law to live their life in seclusion, without being subjected to unwanted and undesired publicity, and a right to be left alone.

143. Pursuant to the case law in this state, the Plaintiffs, all minors, had the right to be left alone, and not be subjected to scorn and the hateful comments made by Kruse.

144. As a result of Kruse's actions, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of this Court.

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 30

**TWENTY-EIGHTH CAUSE OF ACTION**
**(NEGLIGENT INFLICATION OF EMOTIONAL DISTRESS)**

DOES 1-10 against **KEVIN M. KRUSE**

145. **DOES 1-10** reassert and incorporate by reference paragraphs the other paragraphs of this Complaint as if fully restated herein.

146. Defendant Kruse's actions caused the Plaintiffs emotional distress, including but not limited to anxiety, fear for their safety, and effected their educational activities.

147. As a result of Defendant Kruse's conduct, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of the Court.

**TWENTY-NINETH CAUSE OF ACTION**
**(DEFAMATION)**

DOES 1-10 against **SHAUN KING**

148. **DOES 1-10** reasserts and incorporates by reference the other paragraphs of this Complaint as if fully restated herein.

149. **KING**, known on Twitter as @shaunking, published to approximately 1.1 million third parties, without privilege "I am so deeply grieved and angry by this as young kids in MAGA hats surrounded and mocked a beloved Native American elder yesterday. When your power is centered in your whiteness, mocking others who are unlike you makes you feel strong. But it's weak. And despicable." A true and correct copy of said communication is attached hereto as Exhibit C. King omitted the true facts, and instead implied the following facts were true in his statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to mock an elderly native American in the middle of an indigenous march, and falsely accused the plaintiffs of threatening women with chants of "it's not rape if you enjoy it." Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 31

attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

150. **KING**'s communication was false and defaming as he accuses **DOES 1-10**, of overt racism and taunting and weak and despicable behavior – none of which was exhibited. This comment is deliberately directed against **DOES 1-10**, all minors, and communicated to 1.1 million third parties without privilege, knowing **DOES 1-10** were from Covington, Kentucky, with the intent to negatively influence the opinion of **DOES 1-10** in their school, their community, and the nation at large.

151. **KING**'s communication injured DOES 1-10 as it disgraced and degraded the plaintiffs and held them up to public hatred, contempt, ridicule, and/or caused them to be shunned and avoided. In addition, **KING'S** false and defamatory communication caused DOES 1-10 special economic harm, including the increased cost of protecting their privacy and security from the threats derived from the social media mob KING helped lead, endangered their college admissions' prospects, and limited their economic prospects and future earning power as adults.

<div align="center">

**THIRTIETH CAUSE OF ACTION**
**(INTRUSION UPON SECLUSION)**

DOES 1-10 against **SHAUN KING**

</div>

152. **DOES 1-10** reassert and incorporate by reference the other paragraphs of this Complaint as if fully restated herein.

153. The Plaintiffs, all minors, had a right under Kentucky law to live their life in seclusion, without being subjected to unwanted and undesired publicity, and a right to be left alone.

154. Pursuant to the case law in this state

155. , the Plaintiffs, all minors, had the right to be left alone, and not be subjected to scorn and the hateful comments made by King.

156. As a result of King's actions, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of this Court.

**THIRTY-FIRST CAUSE OF ACTION**
**(NEGLIGENT INFLICATION OF EMOTIONAL DISTRESS)**

DOES 1-10 against **SHAUN KING**

157. **DOES 1-10** reassert and incorporate by reference paragraphs the other paragraphs of this Complaint as if fully restated herein.

158. Defendant King's actions caused the Plaintiffs emotional distress, including but not limited to anxiety, fear for their safety, and effected their educational activities.

159. As a result of Defendant King's conduct, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of the Court.

**THIRTY-SECOND CAUSE OF ACTION**
**(DEFAMATION)**

DOES 1-10 against **CLARA JEFFERY**

160. **DOES 1-10** reasserts and incorporates by reference the other paragraphs of this Complaint as if fully restated herein.

161. **JEFFERY**, known on Twitter as @ClaraJeffery, published to approximately 113,000 third parties, without privilege "The tapes that have emerged do show the BHI [Black Hebrew Israelites] doing their usual end-times ranting. But they also show the Covington Catholic kids: making cavemen gestures at BHI; tomahawk chanting at Natives; taunting random women; chants of "build the wall" and "it's not rape if you enjoy it." A true and correct copy of said communication is attached hereto as Exhibit O. Jeffery omitted the true facts, and instead implied the following facts were true in her statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to mock an elderly native American in the middle of an indigenous march, and falsely accused the plaintiffs of threatening women with chants of "it's not rape if you enjoy it." Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls,

threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the world, and each of the statements was interpreted by their friends, family and associates as about them personally.

162. **JEFFERY**'s communication was false and defaming as she accuses **DOES 1-10**, of a number of actions not exhibited: making caveman gestures, taunting random women, chanting "build the wall" and saying "it's not rape if you enjoy it." This comment is deliberately directed against **DOES 1-10**, all minors, and communicated to [how many] third parties without privilege, knowing **DOES 1-10** were from Covington, Kentucky, with the intent to negatively influence the opinion of **DOES 1-10** in their school, their community, and the nation at large.

163. **JEFFERY**'s communication injured DOES 1-10 as it disgraced and degraded the plaintiffs and held them up to public hatred, contempt, ridicule, and/or caused them to be shunned and avoided. In addition, **JEFFERY'S** false and defamatory communication caused DOES 1-10 special economic harm, including the increased cost of protecting their privacy and security from the threats derived from the social media mob JEFFERY helped lead, endangered their college admissions' prospects, and limited their economic prospects and future earning power as adults.

<center>**THIRTY-THIRD CAUSE OF ACTION**
**(INTRUSION UPON SECLUSION)**</center>

<center>DOES 1-10 against **CLARA JEFFERY**</center>

164. **DOES 1-10** reassert and incorporate by reference the other paragraphs of this Complaint as if fully restated herein.

165. The Plaintiffs, all minors, had a right under Kentucky law to live their life in seclusion, without being subjected to unwanted and undesired publicity, and a right to be left alone.

166. Pursuant to the case law in this state, the Plaintiffs, all minors, had the right to be left alone, and not be subjected to scorn and the hateful comments made by Jeffery.

167. As a result of Jeffery's actions, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of this Court.

**THIRTY-FOURTH CAUSE OF ACTION**
**(NEGLIGENT INFLICATION OF EMOTIONAL DISTRESS)**

DOES 1-10 against **CLARA JEFFERY**

168. **DOES 1-10** reassert and incorporate by reference paragraphs the other paragraphs of this Complaint as if fully restated herein.

169. Defendant Jeffery's actions caused the Plaintiffs emotional distress, including but not limited to anxiety, fear for their safety, and effected their educational activities.

170. As a result of Defendant Jeffery's conduct, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of the Court.

**THIRTY-FIFTH CAUSE OF ACTION**
**(DEFAMATION)**

DOES 1-10 against **JODI JACOBSON**

171. **DOES 1-10** reasserts and incorporates by reference the preceding paragraphs of this Complaint as if fully restated herein.

172. **JACOBSON**, the president and editor in chief of the website Rewire.News, authored an article published on Jan. 22, 2019 on Rewire.News titled "White-Washing White Supremacy: Media Rushes to Excuse Covington Catholic Students." A true and correct copy of said communication is attached hereto as Exhibit Q. Jacobson omitted the true facts, and instead implied the following facts were true in her statements and the links attached thereto with the gist of the false statements made about the plaintiffs was that the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a native American elder, with chants of "build the wall" to mock an elderly native American in the middle of an indigenous march, and falsely accused the plaintiffs of threatening women with chants of "it's not rape if you enjoy it." Each of the statements complained of herein was known by the friends, family and associates of each John Doe to be about them individually. Indeed, they were individually identified as the subject of the statements complained of herein that they received death threats, hate mail, threatening phone calls, threatening emails, and other personal attacks on them each individually. They were known to be the subject of the statements complained of herein as they were identified by photo image throughout the

world, and each of the statements was interpreted by their friends, family and associates as about them personally.

173. **JACOBSON'S** communication was false and defaming as she accuses **DOES 1-10**, of a number of actions not exhibited: racism, being aggressive and disrespectful to Nathan Phillips, harassing young women, saying "it's not rape if you enjoy it." These comments were deliberately directed against **DOES 1-10**, all minors, and communicated to [how many] third parties without privilege, knowing **DOES 1-10** were from Covington, Kentucky, with the intent to negatively influence the opinion of **DOES 1-10** in their school, their community, and the nation at large.

174. **JACOBSON'S** article went on to make false statements about Covington Catholic High School, including erroneously claiming that the school's students had worn blackface and body paint to caricature black students on the opposing team during basketball games.

175. **JACOBSON'S** article injured DOES 1-10 as it disgraced and degraded the plaintiffs and held them up to public hatred, contempt, ridicule, and caused them to be shunned and avoided. In addition, **JACOBSON'S** false and defamatory communication caused DOES 1-10 special economic harm, including the increased cost of protecting their privacy and security from the threats derived from the social media mob JACOBSON helped lead, endangered their college admissions' prospects, and limited their economic prospects and future earning power as adults.

**THIRTY-SIXTH CAUSE OF ACTION**
**(INTRUSION UPON SECLUSION)**

DOES 1-10 against **JODI JACOBSON**

176. **DOES 1-10** reassert and incorporate by reference the other paragraphs of this Complaint as if fully restated herein.

177. The Plaintiffs, all minors, had a right under Kentucky law to live their life in seclusion, without being subjected to unwanted and undesired publicity, and a right to be left alone.

178. Pursuant to the case law in this state, the Plaintiffs, all minors, had the right to be left alone, and not be subjected to scorn and the hateful comments made by Jacobson.

179. As a result of Jacobson's actions, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of this Court.

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 36

### THIRTY-SEVENTH CAUSE OF ACTION
### (NEGLIGENT INFLICATION OF EMOTIONAL DISTRESS)

DOES 1-10 against **JODI JACOBSON**

180. **DOES 1-10** reassert and incorporate by reference paragraphs the other paragraphs of this Complaint as if fully restated herein.

181. Defendant Jacobson's actions caused the Plaintiffs emotional distress, including but not limited to anxiety, fear for their safety, and effected their educational activities.

182. As a result of Defendant Jacobson's conduct, Plaintiffs have been damaged in an amount to be proven at trial, in excess of the jurisdiction of the Court.

### DAMAGES

183. False and Defamatory Accusations against the plaintiffs are defamatory *per se*, as they are libelous on their face without resort to additional facts, and as clearly demonstrated here, DOES 1-10 were subjected to public hatred, contempt, scorn, obloquy, and shame. The conduct of the plaintiffs, based on the false facts the defendants placed and circulated into the court of public opinion, led to these lifetime labels on these minors: "display of hate, disrespect and intolerance"; "heartbreaking"; "decency decayed"; "racist"; "cried for America"; "infamous"; "gall"; "shameful"; "darker chapters"; compared to genocide; "laughing and egging on" "hurtful" behavior; "awful"; "cavemen gestures"; "taunting"; 'harassing"; "stalking"; "mocking"; "bullies" who should be doxed, "named and shamed", expelled from school, denied admission to college, be punched in the face, and their lives ruined.

**WHEREFORE,** Plaintiff respectfully prays:

184. That judgment be entered for each plaintiff against Defendants for damages in an amount not less than $15,000 but not more than $50,000 against each defendant;

185. For a trial by jury.

186. For all costs and expenses, including reasonable attorneys fees.

187. That the Court grant all such other and further relief that the Court deems just and proper, including declaratory and equitable relief.

Respectfully submitted this 14 day of August, 2019.

_Robert Barnes by KLM_
· Robert Barnes (Motion Pro Hac Vice to be filed)
Barnes Law
Attorney for Plaintiffs

_Kevin L. Murphy_
Kevin L. Murphy (50646)
Murphy Landen Jones PLLC
2400 Chamber Center Drive, Suite 200
P.O. Box 17534
Fort Mitchell, KY 41017
Attorney for Plaintiffs

PLAINTIFFS' AMENDED COMPLAINT WITH JURY DEMAND - 38

1

**EXHIBIT A**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16



17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' COMPLAINT WITH JURY DEMAND - 15

28

1

**EXHIBIT B**

2

3

4

5

6

7

8

9

10

11

12

13



14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' COMPLAINTWITH JURY DEMAND - 16

28

**EXHIBIT C**





PLAINTIFFS' COMPLAINTWITH JURY DEMAND - 17

**EXHIBIT D**

Tweets
195K
Following
3,774
Followers
1.04M
Following
Maggie Haberman
@maggieNYT
White House correspondent for NYTimes, analyst for CNN. RTs don't imply agreement.
maggie.haberman@nytimes.com
Maggie Haberman @maggieNYT · Jan 19
When adults stand by and say nothing....
Andrew Ujifusa @AndrewUjifusa
In another video from this now-infamous incident involving a Native American Vietnam vet, a young person scoffs at the idea of stolen land.
"And y'all stole it from the aboriginals. ... Land gets stolen. That's how it...
Show this thread
4:14 PM
2/4/2019

**EXHIBIT E**

**Andrew Ujifusa**
@AndrewUjifusa

Follow

In another video from this now-infamous incident involving a Native American Vietnam vet, a young person scoffs at the idea of stolen land.

"And y'all stole it from the aboriginals. ... Land gets stolen. That's how it works. It's the way of the world."

**Video of Boys Mocking Native American Vet, Unchecked by Adults, ...**
A group of young people were filmed taunting a Native American man and military veteran who was participating in the Indigenous Peoples March.
blogs.edweek.org

2:34 PM - 19 Jan 2019

**204** Retweets **324** Likes

175 204 324

**EXHIBIT F**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT G**





PLAINTIFFS' COMPLAINTWITH JURY DEMAND - 22

1

**EXHIBIT H**

2

3

4

5

6

 

7

There are dozens of students laughing and egging on the behavior. Will be interesting to see if anyone is actually expelled, as officials suggest is possible

8

9

10

11

12

13



14

15

16

17

**Viral Video Shows Boys in 'Make America Great Again' Hats Surrounding Nat...**

18

Students from Covington Catholic High School in Kentucky appeared to surround the elder, Nathan Phillips, outside the Lincoln Memorial. The high school has conde...

19

nytimes.com

20

4:08 PM - 19 Jan 2019

21

3,144 Retweets  11,226 Likes   

22

23

♡ 5.1K   ⊔↑ 3.1K   ♡ 11K   ✉

24

25

26

27

PLAINTIFFS' COMPLAINT WITH JURY DEMAND - 23

28

1

2

**EXHIBIT I**



PLAINTIFFS' COMPLAINT WITH JURY DEMAND - 24

1

2

**EXHIBIT J**

3

4

5

6

7

8

9

10

11

12

13



14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' COMPLAINTWITH JURY DEMAND - 25

1

**EXHIBIT K**

2

3



4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' COMPLAINTWITH JURY DEMAND - 26

1

2

**EXHIBIT L**

3

4



5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' COMPLAINTWITH JURY DEMAND - 27

1

**EXHIBIT M**

2

3

4

5

6

7



8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' COMPLAINTWITH JURY DEMAND - 28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT N**





PLAINTIFFS' COMPLAINTWITH JURY DEMAND - 29

1

2

**EXHIBIT O**

3

4

5

6

7

8

9

10

11

12

13

14

15

16





Kevin M. Kruse ✔
@KevinMKruse

Replying to @JayCaruso

No, the accusation was that this kid and his friends mocked an elderly Native American war veteran and, hey, they did.

They also taunted women and shouted "it's not rape if you enjoy it" but sure, they're the real victims. According to his PR firm anyway.

2:23 PM · 22 Jan 2019

3 Retweets  23 Likes



17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' COMPLAINTWITH JURY DEMAND - 30