UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

*ELECTRONICALLY FILED*

| | |
|---|---|
| JOHN DOES 1-10,<br><br>   *Plaintiffs*,<br><br>v.<br><br>CONGRESSWOMAN DEBRA HAALAND, et al.,<br><br>   *Defendants*. | No. 3:19-cv-117-WOB-CJS |

**REPLY IN SUPPORT OF MOTION TO DISMISS BY
DEFENDANTS JODI JACOBSON AND KEVIN KRUSE**

Jon L. Fleischaker
Michael P. Abate
Andrea Aikin
KAPLAN JOHNSON ABATE & BIRD LLP
710 W. Main St., 4th Floor
Louisville, KY 40202
jfleischaker@kaplanjohnsonlaw.com
mabate@kaplanjohnsonlaw.com
aaikin@kaplanjohnsonlaw.com
(502) 540-8280

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... ii

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION AND SUMMARY ....................................................................................... 1

ARGUMENT ................................................................................................................................ 2

I. This Court Lacks Personal Jurisdiction Over Defendants Jacobson and Kruse. ....... 2

II. Plaintiffs' Have Not Established A Right to Anonymously Litigate their
Defamation Claims. ........................................................................................................ 4

III. Plaintiffs' Failure to Allege Special Damages or Causation is Fatal to Their Claims. ............... 6

IV. Plaintiffs Fail to State a Cognizable Claim for Defamation. ...................................... 10

  A. Defendants' Opinion Statements are Not Provably False ............................. 10

  B. Defendants' Statements Did Not Specifically Identify the Plaintiffs ............ 11

V. Plaintiffs' Remaining Tort Claims Fail as a Matter of Law ....................................... 12

CONCLUSION .......................................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**

*ABC, Inc. v. Commonwealth*,
  No. 2011-CA-000631-MR, 2012 WL 3629487 (Ky. Ct. App. Aug. 24, 2012) ...................................... 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................................................................... 7

*Cadle Co. v. Schlichtmann*,
  123 Fed. App'x 675 (6th Cir. 2005) ............................................................................................... 3

*Caesars Riverboat Casino, LLC v. Beach*,
  336 S.W.3d 51 (Ky. 2011) .............................................................................................................. 2

*Calder v. Jones*,
  465 U.S. 783 (1984) ....................................................................................................................... 4

*Clark v. Viacom Int'l Inc.*,
  617 Fed. App'x 495 (6th Cir. 2015) ............................................................................................... 8

*Columbia Sussex Corp., Inc. v. Hay*,
  627 S.W.2d 270 (Ky. Ct. App. 1981) ............................................................................................. 6

*Courier-Journal, Inc. v. Cabinet for Health and Family Services*,
  Civ. Action No. 11-CI-00141 (Franklin Cir. Ct. Nov. 3, 2011) ..................................................... 5

*Cromity v. Meiners*,
  494 S.W.3d 499 (Ky. Ct. App. 2015) ............................................................................. 10, 12, 13

*Dermody v. Presbyterian Church (U.S.A.)*,
  530 S.W.3d 467 (Ky. Ct. App. 2017) ............................................................................................ 6

*Doe v. Harlan Cty. Sch. Dist.*,
  96 F. Supp. 2d 667 (E.D. Ky. 2000) .............................................................................................. 5

*Doe v. Porter*,
  370 F.3d 558 (6th Cir. 2004) ......................................................................................................... 5

*Doe v. Potter*,
  225 S.W.3d 395 (Ky. Ct. App. 2006) ............................................................................................ 5

*E. W. Scripps Co. v. Cholmondelay*,
  569 S.W.2d 700 (Ky. Ct. App. 1978) ........................................................................................... 11

*Estepp v. Johnson Cty. Newspapers, Inc.*,
  578 S.W.3d 740 (Ky. Ct. App. 2019) ............................................................................................ 7

*Gertz v. Robert Welch, Inc.*,
  418 U.S. 323 (1974) .................................................................................................................. 8, 9

*Higgins v. Kentucky Sports Radio, LLC*,
   2019 WL 1290870 (E.D. Ky. Mar. 20, 2019) ............................................................................12

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770 (1984) .................................................................................................................4

*Louisville Press Co. v. Tennelly*,
   105 Ky. 365 (1899) ..................................................................................................................3

*Louisville Times v. Stivers*,
   68 S.W.2d 411 (Ky. 1934) .....................................................................................................11

*Martino v. W. & S. Fin. Grp.*,
   715 F.3d 195 (7th Cir. 2013) ...................................................................................................8

*Milkovich v. Lorain Journal Co.*,
   497 U.S. 1 (1990) ...................................................................................................................10

*Miller v. AXA Winterthur Ins. Co.*,
   694 F.3d 675 (6th Cir. 2012) ...................................................................................................2

*New York Times Co. v. Sullivan*,
   376 U.S. 254 (1964) ...............................................................................................................13

*Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*,
   531 Fed. App'x 567 (6th Cir. 2013) .........................................................................................3

*O'Brien v. Williamson Daily News*,
   735 F. Supp. 218 (E.D. Ky. 1990), *aff'd*, 931 F.2d 893 (6th Cir. 1991) ................................11

*Pearce v. Whitenack*,
   440 S.W.3d 392 (Ky. Ct. App. 2014) .....................................................................................12

*Philadelphia Newspapers, Inc. v. Hepps*,
   475 U.S. 767 (1986) .................................................................................................................8

*Power Investments, LLC v. SL EC, LLC*,
   927 F.3d 914 (6th Cir. 2019) ...................................................................................................4

*Reynolds v. Int'l Amateur Athlete Fed.*,
   23 F.3d 1110 (6th Cir. 1994) ...................................................................................................3

*Roche v. Home Depot U.S.A.*,
   197 F. App'x 395 (6th Cir. 2006) ............................................................................................6

*Snyder v. Phelps*,
   562 U.S. 443 (2011) ...............................................................................................................12

*Theunissen v. Matthews*,
   935 F.2d 1454 (6th Cir. 1991) ............................................................................................ 2, 3

*Wilson v. Scripps-Howard Broad. Co.*,
  642 F.2d 371 (6th Cir. 1981) ................................................................................................8

*Yancey v. Hamilton*,
  786 S.W.2d 854 (Ky. 1989) ........................................................................................... 10, 13

**Statutes**

KRS 454.210 ....................................................................................................................................3

**INTRODUCTION AND SUMMARY**

Plaintiffs are trying to litigate a defamation case, anonymously, against a collection of unaffiliated defendants who were among thousands of people who posted online, including on social media, about a highly publicized incident that occurred in Washington, D.C. Defendants Jacobson and Kruse explained in their Motion to Dismiss why none of these claims is viable. Nothing in Plaintiffs' boilerplate response undermines those arguments.

First, Plaintiffs are not entitled to bring Jacobson and Kruse into a Kentucky court. Neither is a Kentucky resident or regularly conducts business here. And neither allegedly committed a tortious act in Kentucky. There is simply no basis for exercising jurisdiction over them under Kentucky's long-arm statute or the Constitution's Due Process clause. Plaintiffs elide the first argument, and they badly misstate the law on the second (including by ignoring on-point Sixth Circuit precedent cited in Defendants' Motion).

Second, even if there was jurisdiction over the Defendants, Plaintiffs cannot proceed anonymously in this Court. (Or in Kentucky state court, despite their unsupported assertion to the contrary). There is no such thing as an anonymous *plaintiff* defamation case—but that is exactly what they have tried to file.

Third, Plaintiffs fail to allege crucial elements of a defamation claim: special damages, falsity, and causation. They simply ask this Court to assume that they were harmed by some still-unspecified statements by these Defendants, in ways and amounts not specifically alleged, and without showing how those damages can be traced to these Defendants (as opposed to the thousands of others who posted online about this incident). That is nowhere near sufficient in a case involving a matter of public concern. They must show that specific statements, by these defendants, harmed them in identifiable ways. Plaintiffs could not even bring themselves to *allege* as much, and therefore cannot be permitted to proceed with these claims.

Plaintiffs' brief also does nothing to counter Defendants' arguments that their statements were protected opinion and did not concern any identifiable plaintiff, specifically—let alone each of them, individually. They are not able to identify a specific statement by either Defendant that meets these criteria.

Finally, Plaintiffs simply ignore the Supreme Court's controlling decision in *Snyder v. Phelps*. It is easy to see why, as that case fatally undermines their claims for intrusion into seclusion and infliction of emotional distress. Instead, they argue for a claim they never pled: false light invasion of privacy. But that claim fails, too, because it requires a provably false statement and a showing of actual malice—neither of which they can even *allege* in this case.

## ARGUMENT

**I.     This Court Lacks Personal Jurisdiction Over Defendants Jacobson and Kruse.**

Plaintiffs rely on a maximalist theory of personal jurisdiction in defamation cases that cannot be squared with either Kentucky's long-arm statute or the relevant caselaw. Their arguments do nothing to meet their burden to establish jurisdiction over Ms. Jacobson or Mr. Kruse. *See Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (plaintiffs have burden to establish jurisdiction).

First—and this will be a recurring theme—Plaintiffs do not even *respond* to Defendants Jacobson and Kruse's argument that no state or federal court in Kentucky may exercise jurisdiction over them under Kentucky's long-arm statute. That omission is fatal, because establishing jurisdiction under the long-arm statute is a necessary and independent predicate to suing an out-of-state defendant. *See Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 679 (6th Cir. 2012). It is not even "necessary to decide if due process has been satisfied if the requirements of the long-arm statute are not met." *Id.*

This is not a harmless oversight. The Kentucky Supreme Court has ruled that the reach of the Commonwealth's long-arm statute is *not* coextensive with the requirements of the Constitution's Due Process Clause. *See Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 56 (Ky. 2011). Thus, a

2

Plaintiff trying to bring an out-of-state defendant into a Kentucky court must establish *both* that KRS 454.210 applies and that the Due Process Clause is satisfied. By failing to respond to Defendants' arguments about KRS 454.210, these Plaintiffs have forfeited any argument that the long-arm statute applies. *See, e.g.*, *Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 Fed. App'x 567, 569 (6th Cir. 2013) (failure to respond to an argument raised in a motion to dismiss "amounts to a forfeiture of the . . . claim"); *see also Theunissen*, 935 F.2d at 1458 ("[I]n the face of a properly supported motion for dismissal [for lack of personal jurisdiction], the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.").

Such an argument would have been unavailing anyway. As explained in Defendants' Motion to Dismiss, none of the fact patterns described in KRS 454.210 applies to this case. *See* Doc. 26, PageID#: 245-246. There is simply no basis for exercise of personal jurisdiction over Defendants.

Plaintiffs also are mistaken in arguing that the Due Process Clause permits a defamation case to be brought anywhere a plaintiff claims to have suffered injury from a statement posted online. The Sixth Circuit held to the contrary in *Cadle Co. v. Schlichtmann*, 123 Fed. App'x 675 (6th Cir. 2005)—a case Plaintiffs simply ignore, even though it featured prominently in Defendants' motion. *Cadle* refused to allow an Ohio resident bring a foreign defendant into an Ohio court for an allegedly defamatory statement made out-of-state, sensibly reasoning that "[t]he law does not require that people avoid using the internet altogether in order to avoid availing themselves of the laws of every state." *Id.* at 678; *see also Reynolds v. Int'l Amateur Athlete Fed.*, 23 F.3d 1110, 1120 (6th Cir. 1994) (no personal jurisdiction in Ohio based on press release issued about Ohio resident's activities outside the state).

Instead of addressing this controlling precedent, Plaintiffs rely on cases that are readily distinguishable. *Louisville Press Co. v. Tennelly*, 105 Ky. 365 (1899), is a 120-year-old state-court case that pre-dates both the modern constitutional due process analysis and KRS 454.210 (not to mention the Internet). More to the point, it had nothing to do with personal jurisdiction over out-of-state

3

defendants; it was a case about venue, and the question was whether a Kentucky defendant could be sued only in his own county of residence or, instead, in another county still within the state.

The Sixth Circuit's recent decision in *Power Investments, LLC v. SL EC, LLC*, 927 F.3d 914 (6th Cir. 2019), is completely irrelevant to this dispute. *Power* was a business dispute presenting claims of fraudulent misrepresentation and unjust enrichment. As part of the negotiations of a deal that later went south, the defendant "called, texted, and emailed [the plaintiff] many times." *Id.* at 916. The court found those direct communications for the purpose of soliciting business within the state were sufficient for both the long-arm statute and constitutional due process purposes. *Id.* at 917, 919. That is far cry from holding that anyone who tweets thereby subjects themselves to nationwide (indeed, worldwide) jurisdiction for harms allegedly caused by their speech, as Plaintiffs misleadingly suggest.

Finally, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984), and *Calder v. Jones*, 465 U.S. 783 (1984) are distinguishable as well. While those cases do at least address jurisdiction over out-of-state defendants in defamation cases, they do *not* stand for the proposition that a defendant is subject to personal jurisdiction in any state where a plaintiff claims to have suffered injury. (If they did, *Cadle Co.* would have come out the other way). Rather, each case turns on the significant connections between the relevant *defendant* and the forum state, including the defendants' efforts to deliberately target those forum states for business. *See, e.g.*, *Keeton*, 465 U.S. at 773-775; *Calder*, 465 U.S. at 788-790. Here, Plaintiffs do not—and cannot—dispute that Defendants have no connection to Kentucky.

## II. Plaintiffs Have Not Established A Right to Anonymously Litigate their Defamation Claims.

Plaintiffs likewise fail to meaningfully respond to Defendants' argument that they cannot pursue their defamation claims anonymously. Their primary argument is the unsupported assertion that "there is no prohibition against the case proceeding with unnamed plaintiffs in the Kentucky Courts of general jurisdiction" (where the case was originally filed). Doc. 69, PageID#: 821. But that is not true. Kentucky courts similarly reject a party's unilateral attempt to litigate anonymously,

especially where—as here—those claims sound in injury to a plaintiff's reputation. *See, e.g.*, *Courier-Journal, Inc. v. Cabinet for Health and Family Services*, Civ. Action No. 11-CI-00141 (Franklin Cir. Ct. Nov. 3, 2011) (Shepherd, J.) (rejecting an anonymous party's attempt to intervene in an open records suit to assert an alleged privacy interest concerning public records documenting child abuse because "the Jane Does have no right to proceed anonymously" under Kentucky Civil Rules); *see also ABC, Inc. v. Commonwealth*, No. 2011-CA-000631-MR, 2012 WL 3629487 at *7 (Ky. Ct. App. Aug. 24, 2012) (unpublished) (noting trial court's dismissal of case for being filed anonymously); *Doe v. Potter*, 225 S.W.3d 395, 403 (Ky. Ct. App. 2006) ("I find no Kentucky authority by statute, rule or caselaw, supporting the proposition that litigants may proceed anonymously in this type of case.") (Knopf, J., concurring).

But regardless of what state court rules permit, this case is now in federal court. Plaintiffs have not sought leave to proceed anonymously or even attempted to argue that this case fits within the anonymity factors set forth in *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004), or *Doe v. Harlan Cty. Sch. Dist.*, 96 F. Supp. 2d 667, 670 (E.D. Ky. 2000). Nor could they. Plaintiffs challenge the actions of *private* citizens in a case that centers on actions that happened in a uniquely *public* place. Moreover, they seek damages for alleged injuries to their individual reputations. There is no legal or logical basis to argue that these claims requiring particularized damages traceable to the actions of several otherwise unaffiliated defendants should—or indeed, could—be litigated anonymously. Simply put, it was Plaintiffs who elected to invoke the power of the court to seek monetary damages. They must come forward and prove they were hurt by the private individuals they have sued.

Finally, Plaintiffs' attempt to litigate this case anonymously cannot be squared with their argument that they are readily identifiable for group libel purposes (discussed in more detail below). They cannot have it both ways by trying to remain anonymous while at the same time arguing that everyone knows who they are.

### III. Plaintiffs' Failure to Allege Special Damages or Causation is Fatal to Their Claims.

Plaintiffs contend that they have pled both libel *per se* and libel *per quod*. *See* Doc. 69, PageID#: 818, 824-825. However, Plaintiffs do not—and cannot—dispute that they have failed to plead any special damages arising from the allegedly defamatory statements. Indeed, they have deliberately refused to do so by pleading this case anonymously.

That strategic choice has consequences. Under Kentucky law, a party may not bring a libel *per quod* claim without alleging special damages. *See Dermody v. Presbyterian Church (U.S.A.)*, 530 S.W.3d 467, 475 (Ky. Ct. App. 2017). "Special damages are those beyond mere embarrassment which support actual economic loss . . ." *Id.* (quoting *Columbia Sussex Corp., Inc. v. Hay*, 627 S.W.2d 270, 274 (Ky. Ct. App. 1981)). Plaintiffs' Amended Complaint is completely devoid of any such allegations. Therefore, they can only proceed if the statements they challenge rise to the level of libel *per se*. But plaintiffs have not come close to that kind of showing.

Indeed, Plaintiffs' response to the Motion to Dismiss does not even *try* show how specific statements by either Jacobson or Kruse rise to the level of libel *per se*. The relevant portion of their brief simply asserts, in a conclusory fashion, that Jacobson and Kruse "ma[d]e the scandalous social media statements, failed to disclose the false facts behind those statements, and the statements were known to be specific to these plaintiffs by the friends and acquaintances of the plaintiffs." Doc. 69, PageID#: 826. But it does not identify *which* statements are being challenged or *how* they rise to the level of libel *per se*. Moreover, a *per se* defamation claim cannot be based on this kind of "failure to disclose" theory or the knowledge of Plaintiffs' friends and relatives. Rather, "[i]n determining whether a writing is libelous *per se*, courts must stay within the 'four corners' of the written communication" giving the words "their ordinary, natural meaning as defined by the average lay person." *Roche v. Home Depot U.S.A.*, 197 F. App'x 395, 398 (6th Cir. 2006) (internal quotation marks and citations omitted). "The face of the writing must be stripped of all innuendoes and explanations." *Id.*

6

To be sure, Plaintiffs do allude elsewhere in their brief to statements they contend are libelous *generally* (*e.g.*, both "*per se* and *per quod*," Doc. 69, PageID#: 818). Specifically, they assert—again, without actually quoting either defendant—that Jacobson alleged "the Covington boys wore blackface as a racist caricature" and that both Defendants stated "that the boys taunted female passersby with jokes about rape." *Id.* Putting aside that these are Plaintiffs' (mis)characterizations of what Defendants actually said, they are still not actionable *per se*. The "blackface" statement was not even about these Plaintiffs; Ms. Jacobson's opinion column was discussing a 2012 video showing *different* Covington Catholic students at a basketball game years before these Plaintiffs ever enrolled at the school. *See, e.g.*, MTD, Doc. 26, PageID#: 255. Similarly, neither defendant has defamed these Plaintiffs *per se* by linking to or referencing a video of a large group of students at the protest which clearly shows a young male in the group saying "it's not rape if you enjoy it."[1]

Moreover, to survive a motion to dismiss, Plaintiffs' claims must be at least plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). As just noted, the only purported defamatory statements that Plaintiffs even identify in their brief are ones that are indisputably true because they are based on video evidence linked and/or referenced in the statements: a 2012 video showing Covington Catholic students wearing black face paint and a separate video showing a student at the incident on the National Mall stating "it's not rape if you enjoy it." Plaintiffs cannot prevail on a defamation claim unless they show that Defendants' references to these videos were plainly false. *See Estepp v. Johnson Cty. Newspapers, Inc.*, 578 S.W.3d 740, 746 (Ky. Ct. App. 2019) ("[B]ecause the charge against him which could cause the harm to him was not false, it cannot be defamatory."). Yet their complaint (and brief) makes no serious effort to make any allegation of falsity—let alone a plausible one. There is no doubt that (1) a group of Covington Catholic students wore black paint on their faces at a basketball game in 2012; and (2) these Plaintiffs were part of a group of teenage boys on the National Mall that included

---

[1] *See* https://twitter.com/MeloStreetVybz/status/1087549546404691969.

7

a young man shown on video publicly stating "it's not rape if you enjoy it." To hold these statements are even allegedly false means that these videos cannot ever be republished—or even referenced—by any person without specifically identifying the names of the young men shown in them.

Plaintiffs also fail to allege that statements from Defendants Jacobson or Kruse, specifically, *caused* the harms they claim to have suffered. This omission is fatal for at least two reasons. First, in defamation cases touching on matters of public concern—as this case indisputably does—a plaintiff "bear[s] the burden of showing falsity, as well as fault, before recovering damages." *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 776 (1986); *see also Clark v. Viacom Int'l Inc.*, 617 Fed. App'x 495, 508-509 (6th Cir. 2015) ("[T]he federal Constitution requires that a defamation plaintiff plead and prove that a statement on a matter of public concern or relating to a public figure is false."). Plaintiffs have not attempted either showing.

Second, there is no "enterprise liability" in defamation cases. Thus, even a private-figure defamation plaintiff "may recover only such damages as are sufficient to compensate him *for actual injury.*" *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974) (emphasis added). He also must show that statements of these Defendants were the actual cause of the harms he asserts; in matters of public concern, causation is an element of a defamation claim and may never be assumed. *See id.* at 347 (even in private-figure defamation cases, states may not "impose liability without fault"); *see also Wilson v. Scripps-Howard Broad. Co.*, 642 F.2d 371, 375 n.1 (6th Cir. 1981) (Defendants' alleged negligence "must be the proximate cause of actual damages"); *Martino v. W. & S. Fin. Grp.*, 715 F.3d 195, 206 (7th Cir. 2013) (in defamation cases, special damages are "damages that are pecuniary in nature and that have been actually incurred *as a natural and proximate consequence of the wrongful act.*" (emphasis added)). And it is particularly inappropriate to presume causation here, where Defendants were just two among thousands of people posting about the incident online, including on social media.

8

Despite these clearly defined legal parameters for prevailing on a defamation claim, Plaintiffs do not even *allege* that any damages they suffered are caused by, or traceable to, the protected writings of these Defendants. Nor could they. How could Plaintiffs possibly prove that it was *these Defendants*, and not one of the myriad other speakers, who caused whatever damage they claim to have suffered? Their brief does not even try to answer that question.

The need to allege this kind of causation is only heightened because these Plaintiffs are, in fact, limited purpose public figures. *See, e.g.*, MTD, Doc. 26, PageID#: 259-260. Plaintiffs do not dispute that they participated in a highly publicized incident on the National Mall or that they had equal access to the social media channels of communication in which they allege they were defamed. (Indeed, Plaintiffs may well have used that access, but Defendants cannot know one way or the other without learning their identities). Instead, they argue that they cannot be limited purpose public figures because they were "simply waiting on a bus." Doc. 69, PageID#: 823. Of course, "it may be possible for someone to become a public figure through no purposeful action of his own." *Gertz*, 418 U.S. at 345. But in any event, Plaintiffs' characterization of their role in this controversy cannot be taken seriously. If they really had just waited on a bus without engaging with others at the Lincoln Memorial, there would have been no public debate at all. Plaintiffs directly inserted themselves into the controversy through their actions, and that is more than enough to make them limited purpose public figures. *See, e.g., Thomas M. Cooley Law Sch. v. Kurzon Strauss, LLP*, 759 F.3d 522, 530-531 (6th Cir. 2014). Hence, they cannot state a claim without showing actual malice, *see id.* at 532—something that have not even attempted to do.

9

IV. **Plaintiffs Fail to State a Cognizable Claim for Defamation.**[2]

    A. **Defendants' Opinion Statements are Not Provably False**

Plaintiffs do not dispute that Defendants' statement touched on matters of public concern. Of course, any "statement of opinion relating to matters of public concern which does not contain a provably false factual connotation will receive full constitutional protection." *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990); *see also Yancey v. Hamilton*, 786 S.W.2d 854 (Ky. 1989); *Cromity v. Meiners*, 494 S.W.3d 499, 502 (Ky. Ct. App. 2015). Thus, Defendants' opinion statements are absolutely privileged if the speaker "states the facts on which the opinion is based, or where both parties to the communication know or assume the exclusive facts on which the comment is clearly based." *Yancey*, 786 S.W.2d at 857.

Defendants' motion explained why Jacobson's and Kruse's opinion statements easily merit protection under this standard. *See* Doc. 26, PageID#: 253-255. While Plaintiffs discuss the standard for what constitutes opinion under Kentucky law, they do not actually identify any allegedly false factual assertions by Defendants or try to explain why those statements are not worthy of constitutional protection. *See, e.g.*, Doc. 69, PageID#: 823-824. Instead, the relevant section of their brief quickly devolves into an argument about defamation *per se* (which, as just explained, is meritless too). Thus, Plaintiffs have failed to rebut Defendants' showing that their speech clearly sets forth all of the facts on which they rely and expresses an opinion that is not provable as false. By failing to join

---

[2] Defendants are aware that this Court recently withdrew the order dismissing all claims by Covington Catholic student Nicholas Sandmann against the Washington Post, on which Defendants' original motion relied. However, this Court's decision to allow that case to proceed to limited discovery on a few specific factual allegations does not prevent dismissal of Plaintiffs' complaint here. For one thing, that case did not concern threshold questions about personal jurisdiction or anonymous plaintiffs. And for another, Sandmann identified specific statements of purported fact on which this Court allowed targeted discovery. These Plaintiffs, by contrast, rely on shorthand characterizations of what Defendants Jacobson and Kruse allegedly said, and have identified no statement that can be proven as false. Moreover, as shown in this brief, Plaintiffs' claims clearly require dismissal under existing Kentucky and Sixth Circuit caselaw cited in this Court's prior opinion.

issue on this argument, Plaintiffs have forfeited any contention that Defendants' still-unspecified statements are not protected opinion. *See, e.g.*, *Notredan*, 531 Fed. App'x at 569.

**B.     Defendants' Statements Did Not Specifically Identify the Plaintiffs.**

As explained in Defendants' Motion to Dismiss, a plaintiff generally may not bring a "group libel" case—that is, a case premised on damage to his reputation because of his membership in a group allegedly being disparaged. *See O'Brien v. Williamson Daily News*, 735 F. Supp. 218, 222 (E.D. Ky. 1990), *aff'd*, 931 F.2d 893 (6th Cir. 1991); *Louisville Times v. Stivers*, 68 S.W.2d 411, 412 (Ky. 1934). Such a claim may only proceed if a plaintiff challenges a defamatory statement that "is applicable to every member of the class." *O'Brien*, 735 F. Supp. at 222. Moreover, "as the number of the class affected increases, so also does the difficulty any one of the class would have in showing the defamatory article was directed at him." *Stivers*, 68 S.W.2d at 412-413.

Here, Plaintiffs again fail to deal with this controlling case law. They do not explain, for example, how any particular statement by either Jacobson or Kruse can be said to apply to these Plaintiffs, personally. And indeed they have made such an identification impossible by refusing to reveal their own identities. Moreover, the ten as-yet-unnamed Plaintiffs compromised only a small portion of the dozens of Covington Catholic students who attended the march on the National Mall that day. Hence, even a statement generally referring to all the students who attended the march cannot be said to refer to these Plaintiffs, in particular. There is simply nothing tying the statements of either Defendant Jacobson or Kruse to any of these specific Plaintiffs.

Instead of addressing this controlling precedent, Plaintiffs rely on a wholly inapplicable case, *E. W. Scripps Co. v. Cholmondelay*, 569 S.W.2d 700, 703 (Ky. Ct. App. 1978). That case had nothing to do with identification of a plaintiff in a group libel scenario. There, a newspaper had written a series of articles about a fight between two boys, one of whom eventually died from injuries he sustained. The plaintiff claimed that the final article, which did not actually name him, was nonetheless libelous

11

*per se* because it falsely accused him of repeatedly slamming the other boy's head into the ground. On the specific facts of that case, the court of appeals held that the article plainly referred to the plaintiff—and only him—despite not using his name. That unremarkable holding did not address the standard for group libel, and therefore does nothing to establish that Defendants' generic statements about Covington Catholic students were "of" or "concerning" these Plaintiffs.

### V.     Plaintiffs' Remaining Tort Claims Fail as a Matter of Law

Plaintiffs' response to the motion to dismiss their intrusion upon seclusion and negligent infliction of emotional distress claims is utterly non-responsive to Defendants' arguments. Defendants' motion explained that the U.S Supreme Court's recent decision in *Snyder v. Phelps*, 562 U.S. 443 (2011), holds that states cannot punish speech made "at a public place on a matter of public concern" through these very same causes of action. *Id.* at 458; *see also Pearce v. Whitenack*, 440 S.W.3d 392 (Ky. Ct. App. 2014) (plaintiff cannot maintain an intrusion into seclusion claim for actions taken in public to which no reasonable expectation of privacy attaches, including on the Internet); *Higgins v. Kentucky Sports Radio, LLC*, 2019 WL 1290870 (E.D. Ky. Mar. 20, 2019) (appeal pending). Plaintiffs offer no response to this argument. Indeed, *Snyder* is not even mentioned in their brief.

Instead, Plaintiffs press ahead on a different claim that appears nowhere in their original or amended complaints: a false light invasion of privacy claim. *See* Doc. 69, PageID#: 827. But even if that had been pled, that claim would fail, too.[3] As the Kentucky Court of Appeals held in *Cromity v. Meiners*, a false light claim fails as a matter of law where the statements at issue cannot be proven false. *See* 494 S.W.3d 505. Indeed, *Cromity* held that the trial court's failure to even address the false light claim was harmless because the court held elsewhere that the challenged speech was protected

---

[3] Plaintiffs' argument about this new theory of liability does not function as a motion to amend their complaint for a second time. *See Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) ("What plaintiffs may have stated, almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is also not a motion to amend."). But even if they had filed such a motion, the amendment would be futile for reasons noted in text.

12

opinion—as is the case here. *Id.* Moreover, the court of appeals also noted that a plaintiff cannot recover on a false light claim unless he satisfies "the actual malice standard of *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964)." *Id.; see also Yancey*, 786 S.W.2d at 860. Plaintiffs have not even *alleged* that Defendants' statements were made with actual malice—that is, with knowledge or reckless disregard for their falsity—and therefore could not survive dismissal on such a claim.

## CONCLUSION

For the foregoing reasons, all claims against Defendants Jacobson and Kruse should be dismissed.

*s/ Michael P. Abate*
Jon L. Fleischaker
Michael P. Abate
Andrea Aikin
KAPLAN JOHNSON ABATE & BIRD LLP
710 W. Main St., 4th Floor
Louisville, KY 40202
jfleischaker@kaplanjohnsonlaw.com
mabate@kaplanjohnsonlaw.com
aaikin@kaplanjohnsonlaw.com
(502) 540-8280

13

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2019, I filed the foregoing Motion to Dismiss with the Court using the Court's CM/ECF document filing system. All counsel of record are registered ECF users.

In addition, undersigned counsel served this motion by U.S. Mail on the following parties, for whom no counsel has yet appeared in this matter:

Matthew John Dowd
307 W. Monroe St.,
Austin, TX 78704-3023

Reza Aslan
1954 Pinehurst Rd.
Los Angeles, CA 90068-3730

Jeffrey Shaun King
214 Duffield St.
Brooklyn, NY 11201-5339

*s/ Michael P. Abate*
*Counsel for Defendants Jacobson and Kruse*
