```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF KENTUCKY
                NORTHERN DIVISION AT COVINGTON
```

**CIVIL ACTION NO. 2:19-00117 (WOB-CJS)**

**JOHN DOES 1 THROUGH 10**                                **PLAINTIFFS**

**VS.**                      **MEMORANDUM OPINION AND ORDER**

**DEBORAH HAALAND, ET AL.**                                **DEFENDANTS**

This matter is before the Court on various motions to dismiss (Docs. 10, 26, 38, 39, 47, 50, 65), a motion to remand by plaintiffs (Doc. 34), and a motion for admission pro hac vice (Doc. 62). The Court has reviewed these motions and concludes that oral argument is unnecessary.

*Analysis*

**A. Removal**

The Court first notes that this matter was properly removed by defendant Elizabeth Warren pursuant to 28 U.S.C. § 1442(a)(1), which provides, in part, that any officer or agency of the United States may remove an action from state court when sued "for or relating to any act under color of such office." This statute is construed broadly and, where its requirements are satisfied, the right to removal is absolute. *Willingham v. Morgan*, 395 U.S. 402, 405 (1969).

As a member of Congress, Warren is an "officer of the United States." *See Hill Parents Ass'n v. Giamo*, 287 F. Supp. 98, 99 (D. Conn. 1968).

Second, in order to satisfy the "under color of such office" requirement, Warren need only demonstrate a "causal connection" between her official position and the claim against her. *Willinghan*, 395 U.S. at 409. Here, it is abundantly clear that Warren's statement posted via her official Twitter account on a matter of national interest — an incident on the National Mall with perceived political ramifications — was meant to communicate her position on the event as an elected representative. *See, e.g., Giamo*, 287 F. Supp. At 100 (removal proper under 28 U.S.C. § 1442 as defendant Congressman was acting under color of office when making allegedly libelous statement to media).

Finally, Warren has asserted a colorable federal defense of sovereign immunity, as next discussed.

Therefore, removal was proper, and plaintiffs' motion to remand on this basis is not well taken.

B. **Sovereign Immunity**

Both Warren and defendant Deborah Haaland, who is a United States Representative from New Mexico, raise the defense of sovereign immunity to plaintiffs' claims against them.

It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite

2

for jurisdiction. *U.S. v. Mitchell*, 463 U.S. 206, 212 (1983). Sovereign immunity "extends to agencies of the United States" or "federal officers [acting] in their official capacities." *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993).

On the other side of the sovereign immunity coin is the Federal Tort Claims Act (FTCA). The FTCA functions as a limited waiver to sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). In fact, if acting "within the scope of employment," the FTCA is the exclusive remedy for claims against employees of the United States. 28 U.S.C. § 2679(b)(1).

If the FTCA applies, then the plaintiff must first exhaust administrative remedies before proceeding against the defendant. 28 U.S.C. § 2675(a). The plaintiff must first present their claim to the "appropriate federal agency"; the plaintiff can then proceed after six months have passed or if the claim is denied. *Id.*

The Federal Employees Liability Reform and Tort Compensation Act, commonly known as the Westfall Act, authorizes the Attorney General to certify that the federal employee acted "within the scope of his or her office or employment" at the time of the incident giving rise to the claim. 28 U.S.C. § 2679(d)(1)-(3).

If the Attorney General so determines, or a court so determines after the Attorney General refuses to certify, then the United States is substituted in as the party-defendant and the federal employee is dismissed from the suit. *Id.* However, the

3

United States specifically did not waive sovereign immunity as to several types of torts, including libel and slander. 28 U.S.C § 2680(h). Thus, a plaintiff in this situation is effectively without a remedy. *See United States v. Smith*, 499 U.S. 160 (1991).

Thus, the crux of the issue for the applicability of the FTCA is whether the party was acting within the scope of her office or employment. For purposes of the Westfall Act, a "determination of whether an employee was acting within the scope of employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred." *Henson v. National Aeronautics and Space Admin.*, 14 F.3d 1143, 1147 (6th Cir. 1994); 28 U.S.C. § 1346(b)(1)("…in accordance with the law of the place where the act or omission occurred.").

In Kentucky, "scope of employment" is a determination that focuses on the "motive of the employee in determining whether he or she was acting within the scope of employment." *Patterson v. Blair*, 172 S.W.3d 361, 369 (Ky. 2005). The employee acts within the scope of his employment when his "purpose, however misguided, is wholly or in part to further the master's business." *Id.* at 366. "Thus, if the servant "acts from purely personal motives ... which [are] in no way connected with the employer's interests, he is considered in the ordinary case to have departed from his employment, and the master is not liable." *Id.*

4

The Kentucky Supreme Court has also held that "to be within the scope of its employment, the conduct must be of the same general nature as that authorized or incidental to the conduct authorized." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 566-67 (6th Cir. 2008) (quoting *Osborne v. Payne*, 31 S.W.3d 911, 915 (Ky. 2000)).

The Court concludes that the challenged statements by defendants Warren and Haaland — whether one agrees with them or finds them objectionable — are communications intended to convey the politicians' views on matters of public interest to their constituents. As such, the statements were made within the scope of defendants' employment as elected representatives.

Courts from a variety of jurisdictions have so concluded in similar circumstances. *See, e.g., Wuterach v. Murtha*, 562 F.3d 375, (D.C. Cir. 2009); *Williams v. United States*, 71 F.3d 502, 506-07 (5th Cir. 1995); *Chapman v. Rahall*, 399 F. Supp.2d 711, 714-15 (W.D. Va. 2005); *Council On American Islamic Relations, Inc. v. Ballenger*, 366 F. Supp.2d 28, 31-32 (D.D.C. 2005); *Operation Rescue Nat'l v. United States*, 975 F. Supp. 92, 107-08 (D. Mass. 1997).

For these reasons, plaintiffs have failed to identify any waiver of sovereign immunity for their claims against defendants Warren and Haaland. These defendants must therefore be dismissed.

5

C. **The Remaining Defendants**

After reviewing the pending motions to dismiss filed by defendants other than Warren and Haaland, the Court concludes that it should decline to exercise its supplemental jurisdiction over the claims against them.

Under the provisions of 28 U.S.C. § 1367(c), the Court "may decline to exercise supplemental jurisdiction over a claim" if it "raises a novel or complex issue of State law," or if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(1), (3).

These motions raise unique issues of state law, including application of the Kentucky long-arm statute and state libel law. Further, given the early stage of the proceedings, these matters are better left to the state court where this Court no longer has any federal issues before it.

Therefore, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that:

(1) The motions to dismiss by defendants Warren and Haaland (Docs. 10, 38) motion (Doc. 27) be and are hereby, **GRANTED** on the basis that the claims against them are barred by sovereign immunity under the Federal Tort Claims Act;

6

(2) The remaining motions to dismiss (Docs. 26, 39, 47, 50, 65) be, and are hereby, **DENIED AS MOOT**;

(3) Plaintiffs' motion to remand (Doc. 34) be, and is hereby, **DENIED** on the grounds stated therein;

(4) The motion for admission pro hac vice (Doc. 62) be, and is hereby, **DENIED AS MOOT**;

(5) The Court, pursuant to 28 U.S.C. § 1367(c)(1), hereby **DECLINES TO EXERCISE ITS SUPPLEMENTAL JURISDICTION** over the remaining defendants; and

(6) This matter be, and is hereby, **REMANDED TO KENTON CIRCUIT COURT.**

This 5th day of November 2019.



**Signed By:**
*William O. Bertelsman* WOB
**United States District Judge**